NEW-YORK,<br/>October, 1818.

RICE<br/>v.<br/>PEET.

New trial granted.

RICE <em>against</em> PEET.

IN ERROR, on *certiorari* to a justice's court.

The defendant in error brought an action in the court below against the plaintiff in error, and declared against him in an action for money had and received, on a certain promissory note given by *David Franklin* to the plaintiff below, and upon which the defendant below had received the money ; and also alleging that the note was obtained from him, the plaintiff below, by management, when he was insane and of unsound mind. The defendant pleaded the general issue, and that there was another suit pending before the same justice, between the same parties, for the same cause : and also that the note was received by the defendant below in pledge, on an agreement to exchange farms, to be forfeited unless the agreement was fulfilled, and that the plaintiff below failed in performing his agreement. On the trial, evidence was given of the incapacity of the plaintiff below to contract, at the time the bargain was alleged to have been made. The defendant below proved the pendency of another suit between the same parties, on another note given by one *Parish* to the plaintiff below, and which had been pledged in the

In an action to recover the amount of a promissory note, delivered by the plaintiff to the defendant, in pursuance of an agreement between them, of which note the defendant had received payment, the plaintiff may show that he was, at the time of making the agreement and delivering the note, insane and incapable of contracting.

An agreement for the exchange of lands is within the statute of frauds, and must be in writing ; and therefore, where on a parol agreement for such exchange, the plaintiff delivered to the defendant the promissory note of a third person, as a pledge, to be forfeited in case of the plaintiff's non-compliance with the agreement, and the defendant received payment of the note, the plaintiff may recover the amount from the defendant, the delivery of the note being without consideration.

NEW-YORK, October, 1818.

MYER
v.
FISHER

same manner. The jury found a verdict for the plaintiff below, on which judgment was rendered.

*Per Curiam.* The judgment must be affirmed. Admitting the pendency of another suit by the same plaintiff against the same defendant to have been duly proved, it formed no objection to this action ; it was for a distinct matter, and the plaintiff had a right to bring separate suits. Nor was there any legal objection to the plaintiff's showing that this note was obtained from him at a time when he was incapable of making any contract; and the jury have considered that fact as made out by proof. But there is another ground on which the plaintiff had good right to recover the money received by the defendant on that note. It was received by the defendant without consideration ; the contract for the exchange of farms was void by the statute of frauds, being by parol only. The judgment must, accordingly, be affirmed.

Judgment affirmed.