ADDISON COUNTY, JANUARY TERM, 1827.

*Daniel Chilson* vs. *Solomon Philips.*

In an action brought to recover for work and labor performed by the minor son of the plaintiff, it is competent for the defendant to prove, That the services claimed for were performed by the plaintiff's son under a *special contract* made by the defendant with the son, and that the terms of the contract had not been complied with by the son.

In order to show that the minor son was authorised by the father to make contracts in relation to his services, it is also competent for the defendant to prove, That the father previous to the hiring of the son to the defendant, had permitted his son to hire himself out to service to divers persons, to perform the services stipulated for in such contracts, and to settle and adjust the claims arising out of such contracts; and that such had been the practice of the father respecting his son's services.

THIS was a *writ of error* to reverse a judgment of the County Court in an action of assumpsit in favor of *Philips* against *Chilson*, declaring for work and labor performed by a minor son of the plaintiff. The *general issue* was pleaded and tried by the court by consent of parties. The issue being found in favor of the plaintiff below, the defendant tendered and was allowed to file his bill of exceptions upon which this *writ of error* was brought.—— The exceptions were as follows :

"In this cause after issue joined the plaintiff in support of the is- "sue on his part, gave in evidence in substance, that in the year 1822 "the plaintiff's son, a minor, served the defendant as a hired man "on the defendant's farm for a certain period, and rested his case.

"The defendant then offered in evidence the following facts, to "wit:——That the services claimed for were performed by the plain- "tiff's son, under a special contract made by the defendant with "the plaintiff's son, both as to the time of service and the mode of "payment; and that the terms of the contract had not been perform- "ed by the plaintiff's son, in such manner as to entitle either the "plaintiff or his son to recover for his services. And further, in "order to show that the son was authorised by the plaintiff to make "contracts in relation to his services, the defendant offered evi- "dence tending to show, that the plaintiff had in divers instances, "previous to the hiring of said son to the defendant, permitted his "said son to hire himself out to service to divers persons, to make

F

Addison. Jan. 1827. ⎫ " contracts in relation to his services, to perform
_____ ⎬ " the services stipulated for in such contracts,
Chilson vs. Philips. ⎭

" and to settle and adjust the claims arising out of such contracts ;
" and that such had been the practice of the plaintiff relative to the
" services of his son.

"To this evidence the plaintiff objected, and the court rejected
" the same, and decided that it was incumbent on the defendant
" to prove the assent of the plaintiff to this particular contract. To
" which decision the defendant excepts," &c. The errors as-
signed were the exclusion of the evidence offered, and the com-
mon error.

*Phelps* and *Bradley*, for the plaintiff in error.

The evidence offered and rejected was pertinent to prove an
authority in the son to make contracts relative to his services.—
When a servant is permitted by the master to make contracts
generally in relation to any particular subject, the law implies an
authority ; and the general practice of the master is always admit-
ted for this purpose.--*Stra.* 505, *Hazard* vs. *Treadwell.*—*Reeve's*
*D. R.* 368. If the son in this case was permitted to make con-
tracts from time to time relative to his services, and such con-
tracts were sanctioned by the father,it was holding out to the world
such evidence of a previous authority, as would render it fraudu-
lent in the father to avoid the contract in question.

*Holley* and *Needham*, for the defendant in error.

To avoid the claim of the father it was necessary to prove his
assent to the particular contract in question. The privilege of
minors is such, that they cannot make contracts which have a
binding force,except such as grow out of the necessity of the case.
*Swift's Dig.* 51.—*Reeve's D. R.* 227.—6 *Johns.* 274.

The right of the parent or guardian to recover for the servi-
ces of his child or ward is among the number of well settled prin-
ciples ; and the fact, that the father had recognised other con-
tracts of his son, can have no effect upon his rights in this case,
nor deprive the minor of his privilege.—*Reeve'sD. R.* 290.—
*Swift's Dig.* 42.—1 *Salk.* 68.

ROYCE, J. delivered the opinion of the Court.

The plaintiff below declared in general *indebitatus assumpsit*
for work and labor performed by his infant son. The proof of

the service established an apparent right

to recover; the earnings of the son being the property of the father. It is now to be determined whether the evidence offered and rejected in the court below had a legal tendency to defeat the right of recovery. For the present purpose the facts offered to be shown must be taken to exist. We are therefore to understand that the service sued for was in fact performed under a special agreement, by the terms of which no right of action had accrued. The question then is, to what extent is the father affected by that agreement? No sufficient reason appears for saying that he was bound to see the contract executed; for there was no offer to show that he had ever recognised any such obligation. The contract is not to be regarded as his for the purpose of imposing responsibility. But there is a sense in which we think he was precluded from wholly renouncing this agreement. His previous practice in permitting the son to make and perform contracts of service, and to adjust and settle claims arising therefrom, afforded to the employer in this instance a reasonable ground of belief, that he would not come forward to claim the wages in disaffirmance and violation of the contract. It has been argued for the defendant in error, as if his right to recover depended on the privilege of the infant to avoid the contract. And if the action brought was in contemplation of law for the benefit of the infant, the argument might be well founded. But the privilege of the infant has in reality no concern with the present question ; unless it had been shown that by previous emancipation, or other means, the fruits of his labour were his own property. And even in that case, an action in the name and right of the father would not lie to collect them. The son must be supposed to stand indifferent in point of interest, whether this suit of the father succeeded or failed. The employer probably knew that the person hired was an infant not compellable to fulfil his agreement, and trusted to his pleasure or choice whether to fulfil it or not. He entered upon the service, and after a time refused to complete it, so as to acquire any claim to reward in virtue of the contract. Under such circumstances, for the father to say that a refusal to make compensation for the service performed is an injury to the son, is at the same time saying in effect that his own action for the wages is unfounded. Had the

Addison, Jan. 1827.  infant been emancipated, he might doubtless
*Chilson vs. Philips.*  have recovered for the service performed, notwithstanding his avoidance of the contract. But when it is considered that the service was received under a special stipulation, without which it would probably have been refused, and that this stipulation was induced by a seeming authority with which the father had invested the son, we think that the right of the father, to interfere *for his own benefit* between the parties to the contract, was justly forfeited by the indiscretion of his previous conduct. The evidence offered on trial should have been received. The judgment complained of is therefore reversed.

*Phelps* and *Bradley*, for the plaintiff in error.

*Holley* and *Needham*, for the defendant in error.