Curia, per Woodworth, J.
This is an action for labor and services. Part of the services were rendered while the plaintiff was an infant. It appeared that the defendant promised to convey to the plaintiff a piece of land, if he served faithfully until the age of 21 years. It is contended, the father was entitled to maintain the action. He consented that the plaintiff should live with the defendant, who was his grandfather. The understanding of the parties was, that the plaintiff should remain as l'ong as the defendant chose, or until the father recalled him. There was nothing binding as to time. The defendant said if the plaintiff came, he would do well by him.
By law, parents are bound to support their children; and are entitled to their earnings; but they may transfer this right, or authorize those who employ their children, to pay them; and the payment will be a discharge against the parents. (2 Mass. Rep. 115.) It may be inferred from the evidence, that the father intended that the plaintiff should receive whatever was' allowed. • The expression that the defendant would do well by the plaintiff, seems to indicate, that no claim of the father was in contemplation.[1]
*93-1 It is also objected that the contract was special, to pay in land; and the count is general. The manner of payment by the conveyance of land was special. The evidence does not support the general count, for that portion of the services rendered before the plaintiff came of age. Where there is a count on a special agreement, coupled with a *general count, the plaintiff may abandon his special count, and resort to the general count, if the proof is adapted to the general count; but it cannot be done, when the service has been under a special agreement, as in this case. (18 John. 456; 10 John. 36.)
It is also contended, that the statute of frauds is a bar to the action. To this objection it may be answered, the action is to recover for work, labor and services; not to enforce the contract to convey land.
It will be readily admitted, that the agreement to convey is within the statute. The question then is presented, whether in any given case, where one party has parted with his money, or rendered services, and the consideration for so doing, is a promise by the other party to convey land, the party who has rendered the service, or paid the money, is without remedy ? The case of Gary v. Hull, (11 John. 441,) shows, that where goods are delivered on a special contract, which the opposite party refuses to perform, the person delivering the goods may elect to. consider the contract as rescinded; and recover in an action for goods sold and delivered. In Rice v. Peet, (15 John. 503,) it appeared there was a parol agreement to exchange farms. The plaintiff having deposited a note in his favor with the defendant, on which money was received, brought an action for money had and received, to recover it back. Several questions were raised. The court decided that the plaintiff *94 had good right to recover the money received by the defendant ; that it was received without consideration. The contract for the exchange of farms being by parol, was void by the statute of frauds. It will be seen that this case carries the doctrine farther than is necessary to sustain the plaintiff’s action. It did not appear that there was any default in the party receiving the money, and who had agreed to make the exchange. For aught that appears, he might have been ready and willing to convey.
In the present case, the defendant refuses to convey, and alleges that the contract is void. It seems, .therefore, to be clear upon principles of law and justice, that the *plaintiff may elect to consider the contract as rescinded; and if so, his right to recover back his money, or compensation for his services, is unquestionable.
The damages are general, as well for the services rendered before the age of twenty-one, under the special agreement, as for those that were subsequent. There must be a new trial, with costs to abide the eyent; and leave given to the plaintiff to amend, by adding a special count, on payment of the costs of the amendment.
Rule accordingly.

 It is well settled that an infant may have money or other property, independently of his father; and the father may so far emancipate an infant child as to allow him. to labor for others and enjoy his own earnings. Jenney v. Alden, 12 Mass. Rep. 375; Whiting v. Earl, 3 Pick. Rep. 201; 8 Cowen, 85; Morse v. Walton, 6 Conn. Rep. 547; Vauney v. Young, 11 Verm. Rep. 258; Tillotson v. M Cillis, 11 Verm. Rep. 477. In Wodell v. Coggestrall, (2 Metc. Rep. 89,) it was held, that the father is not entitled to the wages of a son, nor to avoid his reasonable contracts when he separates from the mother and leaves the son under her care. The son, in such cases, may make a valid special contract with his employer. Chilson v. Philips, 1 Verm. Rep. 41.
It has been held, that if the minor is eloigned from the parent he may. *93-1 of necessity, be entitled to receive the fruits of his own labor, and that it will require only slight circumstances to enable the court to infer the parent's consent to the son’s receipt and enjoyment of his own wages. Gale v. Parrott, 1 New Hamp. Rep. 23.
The father cannot, however, so far emancipate his infant child as to render the contract of such infant binding upon him. His contract will still remain voidable, as before such emancipation. See Waterman’s Tr. pp. 92, 93.