## EMANUEL HELLMAN v. JULIUS STRAUSS.

An action may be maintained to recover back a part payment made upon an executory contract by parol for the sale of land, where the purchaser was induced to enter into the contract by a false representation by the vendor as to a material fact.

Whether such an action can be maintained where the contract is free from fraud, and the vendor is able and willing to perform,—*quære?* Per DALY, *First Judge.*

APPEAL from a judgment of the Marine Court. The complaint stated that the plaintiff and defendant entered into a parol agreement for the sale of a house by defendant to the plaintiff; that plaintiff was induced to enter into this agreement by the false and fraudulent representation by defendant that he, defendant, had seen Mr. Julius Wadsworth, the agent of the person who held a mortgage on the house, and that he had told defendant the mortgage would not be called in for several years, in case the interest was paid; and that, relying on this statement, plaintiff was induced to pay to the defendant the sum of $500, which he now claimed to recover back.

On the trial in the Marine Court the plaintiff recovered judgment, which was affirmed by the general term of that court on appeal. From that judgment of affirmance, the defendant appealed to this court.

*A. J. Perry* for the appellant. I. An executory agreement by parol, for the conveyance of land, is not an illegal contract. It is only such a contract as cannot, before any part performance, be enforced, either party objecting. *Abbott* v. *Draper*, 4 Denio, 51. II. The part performance of the contract by plaintiff, in the payment of $500, gave him no right to other than the stipulated consideration therefor until, or unless, defendant be in default. *Greenby* v. *Cheevers*, 9 J. R. 126; *Ellis* v. *Haskins*, 14 J. R. 363; *Hudson* v. *Swift*, 20 J. R. 24; *Fuller* v. *Williams*, 7 Cowen, 53. III. The plaintiff having voluntarily paid money in part performance of a contract not unlawful to be made, cannot recover it back

while defendant is willing to complete. *Battle* v. *Rochester City Bank*, 3 Com. 92; *Dowdle* v. *Camp*, 12 J. R. 451; *Abbott* v. *Draper*, 4 Denio, 51. IV. The contract was as well for the sale of chattels as real estate. A distinct price was placed upon each. The agreement is divisible, and the court will uphold it as a contract for the sale and delivery of chattels; the facts bringing that part of the contract clearly within the rule upholding the sale of chattels.

*Pinney & Postley*, for the respondent. I. The plaintiff claims to recover upon two grounds: 1st. Fraud on the part of the defendant, in obtaining the contract and money; 2d. Upon the ground that the contract was within the statute of frauds. The evidence sustains both positions. The case is clearly within the statute of frauds, and the plaintiff's action for the money paid is maintainable. *Burlingame* v. *Burlingame*, 7 Cowen, 92; *King* v. *Brown*, 2 Hill, 485.

II. If the law is against the plaintiff, the question of fraud was a question of fact, and the verdict ought not to be disturbed. Fraud avoids all contracts.

By the Court, DALY, First Judge.—It was held in *Dowdle* v. *Camp* (12 John. 451), that money, paid as part of the purchase money upon a parol contract for the sale of land, could not be recovered back, as the contract, though not binding upon the parties, was not illegal at its inception; and, there being a part performance by the payment of part of the purchase money, a court of equity would compel a conveyance. But, in *Rice* v. *Peet*, (15 John. 503,) the plaintiff, in an action for money had and received, recovered the amount of a note which had been given by him to the defendant, as a pledge or security for the performance of a parol contract for an exchange of farms; the money upon which note had been obtained by the defendant; although the plaintiff failed to perform his part of the agreement; the court assigning, as one of the grounds for its judgment, that the money was received by the defendant without consideration—the agree-

Hellman v. Strauss.

ment by parol for the exchange of farms being void by statute. The ground assigned in this case was recognized in *Burlingame* v. *Burlingame* (7 Cow. 92) without objection, and the rule or principle deducible from it, was declared, in *King* v. *Broom* (2 Hill, 485), to be, that as the contract is void, and incapable of being enforced in a court of law, the party paying the money in pursuance of it, may treat it as a nullity, and recover the money back. In *Abbott* v. *Draper* (4 Denio, 51), it was held that the plaintiff, who had delivered goods in part performance of a parol contract for the purchase of land, and who had entered upon the possession of the land, could not recover for the goods until he had restored the possession of the land to the defendant and demanded back what had been advanced upon the contract. BRONSON, Ch. J., went further, and declared that, as long as the vendor is not in default, but is ready to perform the contract on his part, the vendee could not recall a payment made upon the parol agreement. The reasoning of the learned chief justice is that, as the vendor is not in the wrong, but is able and willing to perform, he cannot be regarded as holding the money as debtor, but as owner; that the consideration upon which it was paid has not failed, and a promise to repay it cannot therefore be implied.

Without expressing any opinion as to the correctness of this view of the law, it is sufficient, for the disposition of the case now before us, to say that a material representation was made by the defendant Strauss to the plaintiff, when the parol agreement was made for the purchase of the house and lot, that is, that the defendant had seen the agent of the owner of the mortgage subject to which the conveyance was to be made, a few days before, in Wall street, and that he, the agent, said that the mortgage could lay as long as the interest was paid. That this was deemed material by the plaintiff, appears from his declaring, when the agreement was entered into, and the $500 paid as part of the purchase money, that he wanted the mortgage to lay five years. The agent testified that he had not seen the defendant, and had made no such statement to him; but the agent informed the plaintiff that $2,000 upon the mortgage would have to be paid in the spring, and that

the residue might remain for three years.   Witnesses were called by the defendant, who testified that he did not say that he had seen the agent, and that he merely stated that he presumed that the mortgage could lay as long as the interest was paid; but, upon this conflicting evidence, the finding of the court below is conclusive, and it must be assumed here that the defendant made the statement attributed to him by the plaintiff's witnesses.  The right of the plaintiff to repudiate the agreement, and demand the return of his money, upon learning that the statement was untrue, and that $2,000 would have to be paid upon the mortgage in a month, and the balance in three years, is a proposition so plain, that it needs but to be stated.  The agreement, being by parol, was not binding upon him, and it would be preposterous to hold, that because he made a partial payment under such a contract, that he must either forfeit what he has paid, or accept a conveyance of the premises burthened with obligations which he never contemplated, and against which he expressly provided.  The cases above referred to, which are relied upon by the appellant, afford no countenance for a construction of the law so palpably inequitable and unjust.

Judgment affirmed.