Dodge agt. Wellman.

## COURT OE APPEALS.

JOHN DODGE, executor, &c., of JOHN MCBURNEY, appellant, agt. LEMUEL WELLMAN, respondent.

Where the defendant, in possession of real estate, under a contract to purchase tne same of the owner—having made partial payments on the consideration price and made improvements upon the premises, enters into a *parol* agreement with the plaintiff for an advance of money to enable him to pay up the purchase price of the premises to the owner, that the plaintiff as his security is to take the legal title from the owner, and to execute a written agreement to the defendant to convey to him the title on payment by the defendant of such advance with interest, at a specified time, which parol agreement is fulfilled so far as the defendant is concerned, by having the deed made, executed and delivered to the plaintiff, on receiving such advanced sum; and the plaintiff thereupon refuses to execute and deliver to the defendant the writing declaring the rights of the defendant under the parol agreement; but sets him at defiance, and commences an action of ejectment against him to recover possession of the premises:

*Held*, that so *gross a fraud* ought not to be permitted, and that the principles upon which courts of equity enforce agreements that have been in part performed are an adequate protection to the defendant.

There is nothing in the *statute of frauds* which in any degree interferes with the equitable jurisdiction of a court of equity in such cases, but on the contrary, either with or without the] saving clause in the statute (in reference to agreements for the sale of lands, &c., to be in writing, &c.,) the court always prevents the use of the statute as a cover and protection to the fraudulent party.

THIS case (in supreme court) is reported in 42 *Barb.*, 390, under the title of *McBurney* agt. *Williams*, where the facts are fully stated.

WOODRUFF, J.—The statute of frauds, while it requires that every contract for the sale of any lands or any interest in lands shall be void, unless the same, or some note or memorandum thereof expressing the consideration, be in writing subscribed by the party by whom the sale is to be made, at the same time, in terms, declares that this provision shall not be construed to abridge the powers of courts of equity to

compel the specific performance of agreements in cases of part performance (2 *R. S.*, §§ 8, 10).

If, therefore, the relation between the plaintiff's testator and the defendant, established by the transaction in question, be that of vendor and vendee, the question arising thereupon is, has there been such a part performance of the parol agreement by the defendant, that a court of equity would enforce the agreement against the plaintiff?

And on the other hand, if the relation established by the transaction between the defendant and the testator, be that of mortgagor and mortgagee, then the questions whether the defeasance can be proved by parol, and can the plaintiff be permitted to sustain an ejectment and turn the defendant out of possession?

In my opinion, the facts found by the court on the trial, present a case of a mixed nature, in which the plaintiff was clearly a lender of money to the defendant which the latter was bound to repay, and which the testator could have compelled him to repay, and in which, for the testator's security, he was substituted for the former owner of the premises, agreeing as vendor, to convey the premises to the defendant on the repayment of the sum advanced within five years, with interest thereon, payable annually in the meantime.

Now, as to such an agreement, it is not material whether proof of the facts be regarded as establishing that the testator was mortgagee or vendor; if, upon the facts found, a court of equity for the prevention of fraud and injustice will enforce the agreement, the action cannot be sustained.

To the right apprehension of the case, it is not enough to say, that the testator, being the holder of the legal title, agreed by parol to convey it upon the payment, or the repayment, to him of the sum named, and this agreement the defendant now relies upon. That is a very incomplete presentation of the case, we must go further back, viz.: to the status of the parties when the parol agreement was made. See what the agreement was, and what was done towards

the performance thereof, and finally in what condiditon the parties are left if the further performance is refused, and then the question whether this will be permitted by a court of equity, will be prominently exhibited.

The defendant was the equitable owner in possession of the land in question. He held an agreement, valid in law and in equity, for the conveyance to him of the legal title on payment of the price, that price he had in part paid, and had in reliance upon his equitable title, cultivated the land as a farm, and "made betterments and improvements thereon."

This constituted him the equitable owner, and the vendor (Hunting), trustee in equity, holding the legal title subject to the equitable rights of the defendant, the latter could have compelled a conveyance to himself beyond all question.

In this condition of the title, the residue of the purchase money being about to become payable, the defendant applied to the testator and requested him to advance the money ($284), and take the conveyance to himself, giving to the defendant his contract for the conveyance of the land on re-payment to him of the money so advanced, and it was thereupon by parol agreed that the defendant should procure the conveyance to be made to the testator, he should advance the money and give the defendant such contract for the conveyance to him upon the payment of such advance, in five years with interest payable annually.

Now, it may be conceded, that while this agreement remained wholly executory, the parties could not have enforced it either at law or in equity, but it did not so remain. The defendant at once entered upon its performance; he surrendered to the original vendor his contract of purchase, as a consideration for a conveyance to the testator, and procured a conveyance to be made by the former vendor to this plaintiff, received the deed himself and carried and delivered it to the latter, who, thereupon advanced the money stipulated for, delivering the check therefor to the defendant. There-

upon the testator sets him at defiance, refuses to give him any contract or writing declaring the rights of the defendant, and now prosecutes an ejectment to turn the latter out of possession.

So gross a fraud ought not to be permitted, and I am quite certain, that the principles upon which courts of equity enforce agreements that have been in part performed, are an adequate protection to the defendant.

The moment the testator had received the deed procured for him by the defendant, and had refused to execute a proper instrument declaring the terms upon which the defendant had invested him with legal title, the court of equity would have entertained a bill to compel such a declaration.

The prevention of fraud would have been ample ground for equitable interposition, and nothing in the statute of frauds, in any degree interferes with the exercise of that jurisdiction; but on the contray, either with or without the saving in the statute above referred to, the court always prevents the use of the statute as a cover and protection to the fraudulent party.

And as courts of equity will assume for the purpose of testing the rights of the parties, that that is done which ought to be done, and which, upon the facts disclosed, the court would compel the plaintiff to do, this action will be disposed of as if the testator had performed his parol agreement, by executing and delivering the writing which he agreed to deliver, and in expectation whereof, the defendant surrendered his former contract, and procured a conveyance of the land to the testator.

The leading case of *Parkhurst* agt. *Van Cortlandt*, (14 *Johns.*, 15), is in full support of these views, and subsequent cases unfold and apply the principles that a party will not be permitted to insist upon the statute of frauds to protect him in the enjoyment of advantages procured from another in faith of the oral agreement on which the latter has acted,

and in faith hereof he has placed himself in a situation in which he must suffer wrong and injustice (See *Brown* agt. *Lynch,* 1 *Paige,* 147 ; *Lowery* agt. *Tew,* 3 *Barb. Ch.,* 407; *Hoges* agt. *Tennessee Marine & Fire Ins. Co.,*8 *N. Y.,* 416 ; *Despard* agt. *Walbridge,* 15 *N. Y.,* 374; and *Ryan* agt. *Dox,* 34 *N. Y.,* 307 ; and other cases there collected, 2 *Story's Eq. Jur.,* § 759, *et seq*).

It is, however, insisted that this is not a bill by the defend-ant to compel the performance of the parol agreement, but an action by the alleged vendor to recover the possession, and that even admitting that the defendant will be in equity entitled to his deed on payment of the price, the testator was entitled to the possession in the meantime.

That depends upon the intent of the parties appearing upon a view of the entire transaction. The defendant was in possession, and had, by the acquiescense of the former vendor, been in possession, making improvements, &c., for many years ; in substance, the testator consented to be placed in the shoes of such vendor. Nothing is stipulated in regard to any surrender of possession, by the defendant and nothing indicates that the testator expected it, I think it clear, that the former vendor would not have been permitted, so long as the defendant was not in default, to have deprived the defendant of the possession of the land and the enjoyment of the improvements he had been induced to make by the con-tract, and the possession given to him under it; and it is equally clear, that the testator to entitle him to possession, should have shown affirmatively, that a change in this res-pect was agreed to when he consented to be substituted in the place of the vendor.

Besides this, however, it is conclusive against this claim of the testator, that the parol agreement as found by the court, provides, that the testator shall have interest paid to him annually on the sum advanced.

This not only indicates that the advance was understood and treated as a mere loan, whatever was the technical

form of the transaction ; but it indicates moreover, that the parties meant that the testator should have interest, and the defendant have the rents and profits. It would be plainly inequitable that the testator should have the use of the land and interest also. This, of course, does not happen whenever a mortgagee is in possession, but always subject to an accounting by the latter in which such rents and profits are applied towards satisfaction of the mortgage debt and the interest thereon.

Here it was contemplated, that the defendant should continue to occupy, as he did occupy when and long before and for more than two years, after the agreement with the testator was made. The plaintiff will be left to pursue his remedies under the agreement, but was not in equity entitled to possession in this action.

I think, the order appealed from should be affirmed, and judgment absolute for the respondent, with costs, be ordered pursuant to the appellant's stipulation.