ALBANY,
Oct. 1834.

THAYER *vs.* ROCK.

A *contract*, made as well for the sail of *real* as of *personal* property, which is entire, founded upon one and the same consideration, and is *not reduced to writing*, is *void*, as well in respect to the *personal* as the *real* property, the subject of the contract.

ERROR from the Washington common pleas. Rock sued Thayer in a justice's court, in *trover*, for a quantity of wood. Thayer, by *parol*, sold to one Blake an undivided sixth part of a *mill-site*, and all the *timber* and irons belonging to the mill except a saw. Thayer, having no title to the premises except under a *parol* contract, gave written instructions to his vendor to convey the title to Blake. The sale of the mill-site and timber was thus : Thayer and Blake made an exchange of property ; Thayer gave Blake a pair of small oxen and the mill-site and timber, &c. for a pair of large oxen, Blake to pay the difference of $30, and to deliver to Thayer 5 cords of wood. The cattle were exchanged ; no complaint was made as to the $30 ; but the wood not being delivered, Thayer countermanded the order given to his vendor to convey the mill-site, &c. to Blake. In the mean time Blake sold all his interest in the mill-site and the timber of the mill to one Tifft, who sold to *Rock*, the plaintiff below ; part of the mill had been carried off by a freshet, and a part of the timber of the mill lying on the lands of *Thayer*, a demand of it was made by Rock, and Thayer refusing to deliver it up, the suit below was commenced. The justice gave judgment for the plaintiff ; which judgment was *affirmed* by the Washington common pleas. The defendant below sued out a writ of error.

*C. F. Ingalls*, for the plaintiff in error.

*S. Stevens*, for the defendant in error.

*By the Court*, SAVAGE, Ch. J. If the sale from Thayer to Blake was valid, he had no right to countermand the order or direction which he had given to Garrit to convey to Blake.

Thayer clearly has no interest in the property. If he ever had any, it was by virtue of a *parol* contract; and he conveyed away in like manner all his interest in the premises except the saw, and made a memorandum in writing in testimony of the sale made by him. If, however, the *parol contracts* in relation to the premises are all void, then the title of the mill-site and timber is still in the original owners.

That the *contracts* to purchase and sell the several shares in the mill-site and privileges, being an interest in land, *are void*, there can be no dispute. The fact that the purchase money or consideration has been paid, does not alter the law; money so paid, being paid without consideration, may be recovered back. *Rice* v. *Peet*, 15 *Johns. R.* 503. The only real question in the case is, whether the contract for the *wood* or *timber* which once composed the saw-mill is void or valid. Such wood or timber, after the mill was broken down and carried away, has become personal property, and if sold alone, may be sold by parol; but being connected in the same contract with the *realty*, and for the same consideration, can the same entire contract be void in part and valid in part? It has been often held that if one entire contract be void in part, it is void *in toto*. A parol promise was made by an executor on certain terms to pay a debt of testator's, and also a debt of his own; but adjudged for defendant, for the promise as to the one part, viz., the *testators debt*, being void by the statute of frauds, not being in writing, it cannot stand good for the other, for it is *an entire agreement*, and the action is brought for both the sums. 2 *Vent.* 223. 22 *Vin. Abr. tit. Void and Voidable, a. pl*: 21. In the case of *Chater* v. *Becket*, 7 *T. R.* 204, one Harris was indebted to the plaintiff, and the defendant undertook to pay part of the debt and certain expenses. He paid part of the debt, but not the expenses; and on suit brought, Lord Kenyon said that the promise was void in part by the statute, and the agreement being entire, the plaintiff cannot now separate it, and recover on one part of the agreement, the other being void. Grose, justice, says, it seems admitted that part of this promise is void by the statute; but it was one indivisible contract, and the plaintiff cannot recover on any part. This court adopt the same doctrine in *Crawford* v. *Morrell*, 8

*Johns. R.* 256, where it is said: "This was part of the same contract, and this last part was void by the statute of frauds ; and if part of one entire contract be illegal and void, the whole is void." The action in this case was brought to enforce that part of the contract which, if it had stood alone, would have been good ; but being part of an entire contract, embracing another subject, in respect to which it was void, the whole was void. 5 *Wendell,* 164. Such is the case now before court. The contract to sell the mill-site and privileges, and also the wood and timber, was one entire contract, entered into for one and the same consideration ; the two subjects cannot be separated ; and being void in part, is totally void. So of the case put by counsel, in argument: A. sells to B. an acre of land and a pair of horses for $500, all by one entire parol contract ; *the horses are delivered and the money paid.* The counsel says the title to the horses passes ; not so, I apprehend, for the contract as to the land being void, the whole is void. A. may reclaim his horses, or their value, and B. may recover back his $500. 15 *Johns, R.* 503. The judgment cannot be sustained on legal principals, and must be reversed.