Clark vs. Davidson.

*By the Court.*— So ordered.

CLARK vs. DAVIDSON.

*October 20 — November 3, 1881.*

*Indivisible contract. Statute of Frauds. Recovery on* quantum meruit. *Presumption as to equality of agreed price and* quantum meruit.

Plaintiff went into possession of a farm under a parol agreement to purchase it; but afterwards, there being difficulties in the way of his acquiring title from the administrator of the estate to which the farm belonged (and with whom the parol agreement to purchase was made), it was agreed between him and the administrator, that, in case he failed to get title to the farm, he should be paid a certain sum per day for the work of himself and team upon the farm, and certain prices per bushel

for seed grain used thereon, etc. He did not acquire title to the farm. *Held*,

1. That the agreement of purchase and that for payment for plaintiff's labor and seed grain were so connected as considerations for each other, as to constitute one indivisible contract, which is void because not in writing.

2. The plaintiff may, however, recover on a *quantum meruit* the fair value of his labor, etc., over and above that of the crops grown upon the farm and used by him and the use of the buildings, pasturage, etc.

3. The recovery in the case having been based upon the void agreement, this court will not assume that the amount recovered would have been the same on a *quantum meruit*.

APPEAL from the Circuit Court for *Green Lake* County.

Action to recover for work done, moneys paid out, etc. The cause was tried before a referee, who found the facts substantially as follows:

The defendant, as administrator of one Lyman Barnes, deceased, having obtained license to sell certain real estate, entered into a parol agreement with the plaintiff on the 2d or 3d of April, 1874, for the sale of the lands to the latter for the sum of $2,985, the appraised value. The plaintiff went into possession of the premises under this agreement. Subsequently it was ascertained that, by reason of defects in the proceedings to obtain license, the defendant had no authority to sell the lands, and, acting under the advice of an attorney, the plaintiff and defendant, on the 8th of April, 1874, agreed by parol that the plaintiff should move upon the farm and work and improve the same as his own, and that, in the event of the defendant's failure to procure the proper authority to convey, and, having authority, to convey the lands to the plaintiff in accordance with the terms of the former agreement, then the defendant should pay the plaintiff $4 per day for the work of himself and team on said farm, twelve shillings per bushel for the seed wheat and six shillings per bushel for the seed oats he might use on said farm, and such other pay for labor, materials and improvements as should liberally

compensate the plaintiff for the same. In pursuance of the latter agreement, the plaintiff bestowed his labor and that of his servants and teams upon the farm, furnished seed and materials, and made repairs and permanent improvements, of the value and to the amount of $760.10. Without fault of either party, the plaintiff failed to get a conveyance of the land from the defendant, and, in January, 1876, the same was sold to one Stone for $3,150. The plaintiff had and appropriated to his own use all the crops grown upon said farm, and the use of the buildings, tenements and pasturage thereon, for the season of 1874, and up to April, 1875, which were of the value of $537.98.

As conclusions of law the referee held that the parol agreement for the purchase and sale of the land was void; that the plaintiff, finding the defendant in possession of the farm, could lawfully contract to go into possession of the same, and bestow labor and furnish materials thereon, to be paid for by the defendant, in case the defendant should fail to furnish the plaintiff with title to the said premises; and that the plaintiff was entitled to judgment for $222.12.

The report of the referee was confirmed by the circuit court; and from a judgment accordingly the defendant appealed.

For the appellant, there was a brief by *Jackson & Thompson,* and oral argument by *Mr. Thompson:*

Upon the facts found by the referee, the judgment should have been for the defendant. The contract for the sale of the farm was void, because not in writing. *Brandeis v. Neustadtl,* 13 Wis., 142; *Thomas v. Sowards,* 25 id., 635; *Campbell v. Thomas,* 42 id., 437, 451. Had the plaintiff paid any part of the purchase price, he might have recovered it back in a proper action; or, by showing himself within the exception of the statute, he might have compelled specific performance. But, having paid nothing, and, after taking one crop off the place, having abandoned it and his right, if any, to a specific performance, he must be content. He cannot recover for his

labor upon the place. *Gillet v. Maynard*, 5 Johns., 85. The second agreement was a contract for the sale of the lands, and was void because not in writing, and for the further reason that it could not be interpreted or understood without reference to the preceding void contract, which was made a part of it. It cannot be said that in so far as it is a contract for a sale of lands it is void, and in so far as a contract of hiring, valid. It is an entire contract, and if part be void under the statute of frauds, the whole is void. *Van Alstine v. Wimple*, 5 Cow., 164; *Baldwin v. Palmer*, 10 N. Y., 232; *Crawford v. Morrell*, 8 Johns., 255.

*A. Scott Sloan*, for respondent:

The contract to pay for the work, labor and improvements was valid. Under our law, the administrator has possession of the real estate of the intestate. R. S., sec. 3823; *Edwards v. Evans*, 16 Wis., 181. As an incident to the possession, he may make any contract in relation to it. If there had been no contract to pay for the labor, etc., the money paid and work done on the void contract for a sale could be recovered back. *N. W. U. Packet Co. v. Shaw*, 37 Wis., 655; *Brandeis v. Neustadtl*, 13 id., 143.

COLE, C. J. It.is quite evident that the plaintiff recovered four dollars per day for the work of himself and team, one dollar and fifty cents for seed wheat, and seventy-five cents for seed oats, which were used on the farm, and pay for improvements made, in pursuance of the special contract made with the administrator. That was the rate of compensation agreed upon in that contract, which the referee and circuit court found was made. But the difficulty with this aspect of the case grows out of the fact that this special contract, as we understand the testimony and findings, forms a part of the original parol agreement for the sale of the farm. That agreement was plainly void under the statute of frauds. If the special contract as to the price to be paid for the labor of the plaintiff

and team per day, and for the seed grain, constitutes and forms, as we think it does, a part of the original parol agreement for the sale of the real estate, we cannot see how there can be any recovery upon it. The whole contract, being entire and indivisible, falls to the ground. At first we had some doubt as to whether the contract for labor, etc., formed such an essential part of the original parol agreement in regard to the sale of the farm, that it might not be separated from it and stand by itself. We are, however, satisfied that it cannot be. The contract, as to the compensation the plaintiff was to receive for his labor, etc., was connected with the original parol agreement for the purchase of the farm for $2,985, on the terms agreed upon. These different stipulations were really inducements or in the nature of considerations for each other.

It is true, the plaintiff first went into possession about the third of April, 1874, under the parol contract to purchase. But when it was found that there were difficulties in the way of the administrator making title, then this agreement as to compensation for labor, etc., in the event the plaintiff failed to obtain the farm, was added to or grafted upon the original agreement. The contract, therefore, upon which the plaintiff relies to recover compensation at the rate of four dollars per day for the labor of himself and team, and the price for the seed grain used, being a part of the parol agreement for the sale of the farm to him, was void because not in writing. Consequently there could be no recovery upon it.

The court found that, without any fault either of plaintiff or defendant, the plaintiff failed to get title to the farm, and that it was subsequently conveyed to a third party. But the plaintiff seems to have gone into possession in good faith, relying on the agreement to obtain the title as purchaser; and he claims to have made repairs and valuable improvements upon the farm during the season he occupied it. It would seem that he was justly entitled to a fair and reasonable compensation for his labor and improvements made under such circum-

stances, over and above the value of the crops grown upon the farm, which he used, and the use of the buildings, pasturage, etc. We cannot, however, assume that the recovery would have been the same had the plaintiff proceeded on a *quantum meruit*. On the contrary, the evidence tends strongly to show that the amount which he did recover was more than a just and reasonable compensation for his labor, repairs and improvements over and above what he should be charged for the use of the place and crops appropriated to his own use. The intention seems to have been to compensate him "liberally." But there was no reason for allowing him more than a just and fair compensation. He knew he was dealing with an administrator, and was willing to take the chances of obtaining a title. Assuming that both parties acted in good faith, with full knowledge of the facts, there is certainly no equity in allowing the plaintiff's claim above what is just and fair. We shall not go into any examination of the account as stated. There will necessarily have to be a new accounting, in part at least, upon the principle above indicated. We remark, in respect to the item of $45 paid by plaintiff for plowing done the fall before he went into possession, as the payment is not denied, the sum should be allowed. We say nothing about the other disputed items.

The learned counsel for the defendant insists that because the plaintiff went into possession, worked the farm and made improvements under a void parol contract, he should not be permitted to recover even for the value of such improvements, etc. But we do not see any substantial ground for distinguishing the case from one where the purchaser has paid a part of the consideration money on a contract for the sale of real estate which for some reason fails. In the latter case this court has approved of the doctrine which allows the purchaser, after a demand, to maintain an action to recover back what he has paid. *Brandeis v. Neustadtl*, 13 Wis., 142; *Thomas v. Sowards*, 25 Wis., 631; *N. W. U. P. Co. v. Shaw*, 37 Wis., 655.

This case would seem to stand upon the same principle.    The demand is a meritorious one, if the plaintiff did in fact perform labor upon the farm and make valuable improvements which exceeded the value of the use and crops received.. He may not maintain an action on the special void contract, but there is no valid objection that we can see to his recovering on a *quantum meruit.*

We think the judgment of the circuit court must be reversed, and the cause be remanded for further proceedings in conformity to this opinion.

*By the Court.*— So ordered.