Andrews v. Broughton.

---

R. S. ANDREWS, Administrator, etc., Appellant, v. J. K. BROUGHTON et al., Respondents.

Kansas City Court of Appeals, January 16, 1899.

1. Contracts: ALTERNATIVE PROVISION: STATUTE OF FRAUDS: ACTION. A contract whereby the defendants are to convey certain real estate or pay a given sum of money is in the alternative and is within the statute of frauds unless in writing and signed, and no action can be maintained on either alternative.

Andrews v. Broughton.

2. ———: SEVERABLE: ACTION.  In severable contracts one part  may be enforced though another part be invalid, but where the parts are interdependent and rest upon the same consideration this rule does not obtain; and a contract in the alternative by which one of two things may be done is not severable.

3. ———: STATUTE OF FRAUDS: RECOVERY OF CONSIDERATION.  Where a contract can not be enforced by reason of the statute of frauds, the party who parted with the consideration of said contract may maintain an action to recover the same; and so where a widow sells her interest in her husband's estate for a given amount, a part to be paid in cash and a part in real estate, and the heirs repudiate the contract as being within the statute, she may recover the consideration in *quantum meruit* though she is unable to enforce her contract.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD

AFFIRMED.

## STATEMENT BY ELLISON, J.

The following is the petition in this cause:

"Plaintiff, for his cause of action against the defendants and for his amended petition, states that he is the duly appointed, qualified and acting administrator of the estate of Sallie E. Broughton, deceased; that said. Sallie E. Broughton departed this life on or about the seventh day of July, 1896.

PETITION.

"That said Sallie E. Broughton was the widow of William C. Broughton, late of the county of Lafayette, and state of Missouri, who died on or about the 1st day of December, 1895, intestate.

"That on or about the 11th day of January, A. D. 1896, the said Sallie E. Broughton, widow of said William C. Broughton, made and entered into a certain contract with the defendants, who were and are the heirs at law of said William C. Broughton, by which it was agreed between said Sallie E. Broughton and the defendants that in consideration of the sum of two thousand ($2,000.00) dollars, to be

paid to said Sallie E. Broughton, as provided in said contract, she, the said Sallie E. Broughton, would release, surrender, transfer, sell and convey unto the said defendants, heirs at law of said William C. Broughton, by a good and sufficient deed or deeds, bills of sale and other muniments of title as should be found requisite or necessary, effectually to transfer to them all her interest, estate, right, title and claim in and to the property and estate of said William C. Broughton, deceased, whether the same be real, personal, or mixed; the said conveyance so to be made, executed and delivered when, but not until, the said heirs of said W. C. Broughton, defendants herein, should pay or cause to be paid to the said Sallie E. Broughton the full sum of eight hundred ($800.00) dollars, in lawful money of the United States, and in addition thereto should deliver to her at the time of the payment of said sum of money, a good and sufficient warranty deed, conveying to her, free and clear of all liens and incumbrances whatsoever, a fee simple title to lots numbered eleven (11) and twelve (12), in block five (5), in Smith and Patterson's addition to the city of Odessa, Lafayette county, Missouri, as the same appears upon the recorded plat thereof, and valued in said contract at the sum of twelve hundred ($1,200.00) dollars.

"It was further agreed in and by said contract that the money to be paid to said Sallie E. Broughton by defendants should be derived from the collection of notes and accounts belonging to the estate of said William C. Broughton, and that the same should be paid out of the first moneys collected from the same; and prior to the filing of this suit, collections were made of notes and accounts of said estate amply sufficient, after the payment of all debts of said estate, to pay said sum agreed to be paid in and by said contract.

"It was further provided in and by said contract that the same was made for the purpose of fixing the value and providing for the payment to Sallie E. Broughton of a defi-

nite sum of money and property in lieu of her dower in said estate, and to save costs in the administration of said estate, and that the money and property provided to be paid and conveyed to her under said agreement was to belong to her absolutely.

"Plaintiff further states that said contract was reduced to writing and signed by said Sallie E. Broughton, and the same was delivered to and accepted by the defendants, and the same has ever since been, and still is, in the custody and possession of the defendants. The plaintiff can not file the original contract so executed by said Sallie E. Broughton and delivered to the defendants as aforesaid, for the reason that said original copy is now held by the defendant, but that a copy of said contract is herewith filed, marked Exhibit A and made a part of this petition.

"That after the execution and delivery to defendants of said contract the defendants paid to Sallie E. Broughton, on account of the moneys to be paid, as required by the terms thereof, the sum of $100. That said Sallie E. Broughton, at all times during her lifetime, was ready and willing, and repeatedly offered to comply with said agreement on her part and to execute such deeds and conveyances as are called for by the terms of said contract whenever the defendants should make payment of the money and conveyance to her of the property, as stated and agreed in said contract. That at all times prior to the death of said Sallie E. Broughton the defendants, and each of them, always expressed themselves as being willing to carry out and consummate the terms of said agreement as soon as the various defendants and heirs of said William C. Broughton could be obtained to execute the conveyance of the property mentioned in said contract and agreed to be conveyed to said Sallie E. Broughton, and as soon as the money belonging to the estate of said William C. Broughton could be collected in sufficient amount to make payment to her of the sum provided to be paid to her in said contract.

"That by reason of said contract and the execution thereof by said Sallie E. Broughton, and the acceptance of the same by the defendants, and by reason of the payment of said sum of $100 by defendants on account thereof, and by reason of the representations of said defendants, that as soon as practicable conveyance of said real estate to said Sallie E. Broughton and payment of said sum of money so agreed to be paid to her, would be made, she, the said Sallie E. Broughton, refrained and abstained from claiming in the probate court her rights as the widow of said William C. Broughton, and from making any claims for her support and maintenance, or from subjecting said estate to any cost or expenses, as the widow of said William C. Broughton, and from bringing any action for assignment of her dower in the estate of said William C. Broughton.

"That from the date of the execution, delivery and acceptance of said contract as aforesaid, and until her death, said Sallie E. Broughton continued to occupy the property agreed to be conveyed to her in payment of the sum of $1,200, as provided in said contract, and so occupied and possessed the same, under and pursuant to said contract, and with the knowledge and consent of the defendants. That during said time she expended of her own moneys in the repair and improvement of said property about the sum of $200, and did so in good faith in reliance upon said agreement, and before incurring said expense she was assured by the defendants that she could safely do so, and that the conveyance of the property to her would certainly be made as agreed, on which assurances given by defendants she also relied in expending her money in the improvement of said property. That at all the times after the execution of said contract, and the acceptance thereof by the defendants, said Sallie E. Broughton was ready and willing to perform the same on her part, and that on the seventh day of July, 1896, said Sallie E. Broughton suddenly died.

"That upon her death the defendants immediately refused to pay any further sum on account of said contract, and on demand of the plaintiff that they should pay the balance due by the terms of said contract and make conveyance to Richard Lee, the only son and heir of said Sallie E. Broughton, of the real estate described and mentioned in said contract and thereby agreed to be conveyed refused to make such payment or conveyance, and denied that they were under any obligation to make any payment or conveyance, and utterly repudiated said agreement. . That by reason of the refusal of the defendants to make payment as provided by the terms of said contract the whole sum of two thousand ($2,000) dollars agreed thereby to be paid became and is payable to the plaintiff in cash, after allowing to defendants credit for the said sum of one hundred ($100) dollars paid on account thereof. That the same was due and payable and was demanded, to wit: the sum of $1,900 on the first day of August, 1896. That defendants have wholly failed and refused to pay the same or any part thereof, and the same is now due and payable to the plaintiff, with interest thereon from the first day of August, 1896.

"Wherefore, the plaintiff prays judgment against the defendants for said sum of $1,900 with interest at six per cent per annum from the first day of August, 1896."

I. P. RYLAND, J. S. BLACKWELL and PEAK & BALL for appellant.

(1) The contract sued upon in this case is not a contract calling for the conveyance of land by the defendants, and does not require to be executed by the defendants. It is a contract for the payment of $2,000 in money, as the purchase price of Mrs. Broughton's interest in her husband's estate, and provides that $800 of this amount may be paid in money, and the remaining $1,200 in certain specified real estate. Upon the failure of defendants to avail themselves of

the option contained in the contract, by conveying the real estate, the whole amount named in the contract became immediately due and payable in money; and this is a suit to recover a money judgment for the amount due under the contract, and not a suit for specific performance, or for the recovery of real estate. Piccard v. McCormick, 11 Mich. 77; Crockett v. Moore, 3 Snead, 148; Herrick v. Carter, 56 Barber, 41; Butcher v. Carlisle, 12 Gratton, 523; Trowbridge v. Halcomb, 4 Ohio St. 38; McGillin v. Bennett, 132 U. S. 445; Church v. Feterow, 2 Penrose and Watts, 301; Brooks v. Hubbard, 3 Conn. 58; Berry v. Wall, 54 Ala. 446; Weiss v. Iron Co., 58 Penn. 295. (2) The acceptance of the contract by the defendants, and the payment by them of a part of the purchase money specified therein, bound them to the terms thereof as effectually as if they had signed the same. Our courts have frequently held that the acceptance of a deed of conveyance by the purchaser of real estate, in which it is provided that the purchaser shall assume and discharge the incumbrances upon the real estate, is as binding upon the purchaser as if he had signed the contract to do so. Fitzgerald v. Barker, 85 Mo. 14; Porter v. Merrill, 138 Mo. 555; Porter v. Woods, 138 Mo. 539.

WM. H. CHILES and N. M. HOUX for respondents.

(1) The demurrer of respondents to the petition pleads among other grounds of demurrer the statute of frauds; that is, the writing was not signed by them and was not binding on them. This was an entire contract made according to the language of the petition and of the contract itself, "for the purpose of providing for the payment of a definite sum of money and property in lieu of her dower in said estate," the principal matter being the conveyance of this Odessa property to such widow, and therefore was not binding on the respondents as the obligation was not in writing signed by

them. R. S. 1889, sec. 5186, p. 1257. (2) Appellant admits that this is the nature of the action "to recover a money judgment for the amount due under a contract," and seems to think that there is a different rule between the case at bar and an action for specific performance, but there is none. A contract which is not sufficient to sustain an action for specific performance is equally powerless to sustain an action for damages. Lydick v. Holland, 83 Mo. 703. A parol contract for the purchase of land is within the statute of frauds, and no action can be maintained on it to enforce it, or for damages, or for a rescission. Culligan v. Wingerter, 57 Mo. 241. (3) Although this is not an action in equity, and so admitted by appellant, there are allegations in the petition upon which he relies to take the place of a written agreement of the respondents to bind them to the contract. These facts consist of a continuance in the possession of the Odessa property, the subject of the contract, and the expenditure of "about the sum of $200 in the repair and improvement of the property." These are insufficient to constitute a part performance. "Continuance of possession does not constitute part performance." Emmel v. Hayes, 102 Mo. 186. And the improvements must be in the language of the courts, "valuable and lasting," and not merely for repair or inconsequent in their nature or their cost. Emmel v. Hayes, *supra;* Hays v. Railroad, 108 Mo. 544, 550. But it is equity alone which can relieve a party from the inflexible rule of the law, and such allegations are of no avail in this action. Atwood's Adm'r v. Fox, 30 Mo. 499; Townsend v. Hawkins, 45 Mo. 286, 289; Gupton v. Gupton, 47 Mo. 37, 48. (4) Appellant insists that Mrs. Broughton has performed or partly performed her contract, and that refraining from making her claim as widow constituted such performance. Her contract was affirmative, not negative in its terms, and obligated her to transfer and convey by deed, bills of sale, etc., to respondents all of her right, title and interest in her husband's estate,

real, personal and mixed.    Her agreement to do this is en-
tirely executory and passed no title, and she must have ten-
dered her conveyances in her lifetime and the plaintiff should
make good that tender in this case, as a condition precedent
to recovery.    Black & Snyder v. Crowther & Adriano, 74
Mo. App. 480; Roy v. Boteler, 40 Mo. App. 213; Denny v.
Kile, 16 Mo. 450; Turner v. Mellier, 59 Mo. 526.

ELLISON, J.—The plaintiff is the administrator of the
estate of Sallie E. Broughton, deceased.    She was the widow
of William C. Broughton.    The defendants are the children
and heirs of the latter.    The trial court sustained a demurrer
to plaintiff's petition and he appeals.

It is defendants' contention that the contract is one for
the conveyance of land by defendants to Sallie E. Broughton;
that though signed by her, it is not signed by defendants, the
parties "to be charged therewith," and that therefore no ac-
tion (by reason of the statute of frauds) can be maintained
thereon.    And that if this action be not regarded, in effect,
as an action for specific performance of a contract to convey
lands, but rather as an action for damages for failing to com-
ply with the contract, it still can not be maintained, since,
if by reason of the statute of frauds specific performance
could not be enforced, damages for failure to perform can not
be recovered.    Lydick v. Holland, 83 Mo. 703; Culligan v.
Wingerter, 57 Mo. 241.

We have concluded that the statute of frauds defeats
the case and that the demurrer was properly sustained.    We
have not adopted the view urged by plaintiff against the ac-
tion of the court.    The authorities cited relate to contracts
not involving the statute of frauds.    That view,
CONTRACTS: al-
ternative pro-
vision: statute    in short, is that Mrs. Broughton sold her dower
of frauds:       for $2,000, and that $1,200 of that sum was to
action.
be paid in real estate, and that since the defend-
ants refuse to convey the real estate, it becomes a money de-
mand not covered by the statute.    The necessary effect of

Andrews v. Broughton.

this would be to hold defendants' contract to be one in the alternative, i. e., to convey the house and lot, or pay the money. But a contract in the alternative, one part being within and the other being without the statute of frauds, can not be enforced as to either. For, if it could be enforced for that part without the statute, such as payment of the money, it would be based upon the noncompliance with an invalid contract, viz., to convey the land. That could not be done, since the refusal to comply with an invalid contract ought not to render one liable to an action for such refusal. Brown on Stat. Frauds, sec. 152. In Howard v. Brower, 37 Ohio St. 402, the verbal contract was to pay "ten thousand dollars either in real estate or money," it was held that though if the contract to pay the money had stood alone it could have been enforced, yet being coupled in the alternative with that for the real estate, an action could not be maintained thereon. A son verbally agreed with the father to convey certain real estate to his sister "or pay her $300 in money." It was held that neither undertaking could be enforced. Patterson v. Cunningham, 12 Me. 506. In Fuller v. Reed, 38 Cal. 99, the verbal contract was to pay a sum of money and convey a tract of land in consideration of services in selling other lands, and the whole contract was held to be within the statute, though the promise to pay the money alone would not have been included in the statute.

We have not overlooked the rule of law as to severable contracts, contracts embracing several matters, some valid and others invalid, that one may enforce those which are valid. It is said in Rand v. Mather, 11 Cush. 1:

—: severable: action.

"On principle and according to numerous modern adjudications, the true doctrine is this: If any part of an agreement is valid it will avail *pro tanto,* though another part of it may be prohibited by statute; provided the statute does not, either expressly or by necessary implication, render the whole void; and provided, furthermore, that the sound part

can be separated from the unsound, and be enforced without injustice to the defendant."

But as is stated by Brown on Statute of Frauds, section 140: "It is clear that if the several parts or items of an engagement are so interdependent that the parties can not reasonably be considered to have contracted but with a view to the performance of the whole, or that a distinct engagement as to any one part or item can not be fairly and reasonably extracted from the transaction, no recovery can be had upon such part or item, however clear of the statute of frauds it may be, or whatever be the form of action employed. The engagement in such case is said to be entire." The rule just quoted has been applied to a variety of cases: Becker v. Mason, 30 Kansas, 697; Dyer v. Graves, 37 Vt. 369; Irvine v. Stone, 6 Cush. 508; Dowling v. McKenny, 124 Mass. 478; Thayer v. Rock, 13 Wend. 53; Clark v. Davidson, 53 Wis. 317; Rainbolt v. East, 56 Ind. 538. So, therefore, a contract in the alternative, such as to do a thing which is within the statute *or* a thing which is without the statute, is not a severable contract. It is true that it provides to do one thing or another thing and that these two things, of themselves, may be severable; but they are one contractual thing after all. They depend one upon the other. If they did not there would be no alternative. They are based on the same consideration. They are merely two branches of one trunk. If the action is maintained on the one which is without the statute, it is based, where, as is usual, the option is with the promisor, on a refusal to perform the one within the statute. So that the real foundation of such action is based on an unenforcible undertaking. In other words if the obligor refuses to perform the illegal contract, as he may rightfully do, he must pay a penalty by being compelled to perform the other, *for the reason that he refused to perform* the illegal one.

Again when one makes a contract in the alternative it is clear that he would not have made it but for the alterna-

tive, the contract therefore, instead of being severable is entire, in that the parts can not be separated, one held valid and the other invalid, without destroying the thing contracted for, viz. : an alternative to do *either* of two things.

In our opinion plaintiff has a remedy by suing for the consideration rendered by Mrs. Broughton. An action of that nature would be governed by some plain principles of justice and law (applied, we concede, to a rather unusual or odd state of facts) disembarrassed by the statute of frauds.

The petition charges that Mrs. Broughton sold her dower right in the personal estate of her deceased husband, which was hers absolutely, and her life dower in the real estate for the sum of $2,000. That this sum was to be paid by $800 in money to be collected from sums due the estate and a house and lot in the town of Odessa, Missouri, to be deeded to her by defendants, as heirs of her deceased husband. And when that sum was paid and a sufficient deed made to the real estate she would make formal conveyance of her personal and real estate dower. That she was paid $100 of the money payment. That she allowed her dower interest in the personalty to lapse into the estate and refrained from claiming dower in the real estate and always stood ready and frequently offered to formally release her dower. That defendants delayed to pay her the balance of money agreed upon and delayed making her the deed to the real estate up to the time of her death when they repudiated the contract altogther.

Now notwithstading that by reason of the statute of frauds, plaintiff can not maintain an action compelling defendants to perform a contract for the conveyance of the house and lot, or, for damages for not having conveyed it, yet she must certainly have the right to recover of defendants the consideration she parted with by making the contract and carrying it out on her part. In other words, if A. pays to B. $1,000 for real estate which the latter refuses to convey, setting up that he had not agreed in writing under the statute of fraud;

——: statute of frauds: recovery of consideration.

A. may maintain an action against him for the money paid, for he has it without any consideration whatever, since he has repudiated the contract under which he received it. Devore v. Devore, 138 Mo. 181; Rice v. Peet, 15 Johns. 503; Brown Stat. Frauds, sec. 463. And if it be property exchanged or paid, its value may be recovered. Williams v. Bemis, 108 Mass. 91; Dix v. Marcy, 116 Mass. 416; Bowling v. McKenny, 124 Mass. 478; Thayer v. Rock, 13 Wend. 53; Clark v. Davidson, 53 Wis. 317. It seems to us that this plain proposition can be applied here. Mrs. Broughton allowed her dower in the personalty to remain with and become a part of the estate which belonged to these defendants as heirs. They have it now and the statute of frauds ought not to be a protection to their keeping it without price. As to the dower in the real estate, it is true she did not release it to these defendants, but she was ready to and repeatedly offered to do so. It was held by them with the estate they inherited until it became extinct by her death. It was a life estate and she might have sold it at any time if she had not turned it over to defendants. But she did not. She refrained from having it set apart and allowed it to remain as a part of defendant's estate in the inheritance, as heirs of her husband. In other words, they absorbed it as fully as if it had been formally released to them. All there was of such estate defendants have had. As heirs of the estate (Mrs. Broughton, in fact, renouncing dower) they had such dower estate in use and in possession and her offer to formally release it placed her in the same position as if she had released it to them. If she had so released it and they had then repudiated the contract whereby they were to convey the house and lot, undoubtedly, under the authorities, *supra,* she could have recovered back the consideration which they received from her.

But defendants say that the dower interest ceased at Mrs. Broughton's death and therefore there is nothing they

can receive as a consideration for the money now demanded by plaintiff. The answer to this is that they have already received the consideration. They have had and have absorbed her dower in the personalty, for the petition alleges that she left it with the estate and did not claim it. It amounted to $400 allowed her absolutely by the statute, as well as her share in the personalty and a year's support. So the petition alleges that she did not have her life dower in the real estate set apart, but allowed it to remain a part of the estate inherited by these heirs. The dower in both the personal and real estate was valued at $2,000. Though the dower in the real estate became extinct by her death, yet it was a life estate and a matter of value when received by defendants. That value was estimated and can not now, of course, be wholly repudiated because of the unexpected death of the dowress.

So, though no action can be maintained on the contract, plaintiff has an action in the nature of *quantum meruit* for the value of her personal and real estate dower, not exceeding, however, the contract price. Clark v. Davidson, 53 Wis. 317; Thayer v. Rock, 13 Wend. 53; Smith v. Smith, 28 N. J. L. 208.

The judgment on the demurrer however, will be affirmed. All concur.