WILLARD ADAMS *vs.* DAVID TOWNSEND, Administrator.

Part performance of an oral contract for the sale of lands, &c., does not take such contract out of the operation of the statute of frauds.

ASSUMPSIT on a special agreement made by the defendant's intestate with the plaintiff.

From the report of the chief justice, before whom the case was tried, it appeared that in the year 1833, the plaintiff and said intestate were owners, respectively, of land in Waltham, bounding on opposite sides of a town road. An alteration of the course of said road was proposed, by taking 15 feet of the plaintiff's land, on one side thereof, whereby a like quantity could be added to the intestate's land on the other side, by discontinuing the road over and adjoining his land to the same extent. Whereupon it was agreed, orally, between the plaintiff

and the intestate, that if the plaintiff would consent to said alteration, by which so much of his land would be taken, without claim for damage, the intestate would convey to him an equa quantity of his (the intestate's) land adjoining the plaintiff's other land. In pursuance of this agreement, the parties thereto, and others, joined in a petition to the selectmen of Waltham, to alter said road ; and upon a representation that the alteration could be made without cost to the town, and would accommodate the parties, and in some degree improve and better the road, it was laid out and established accordingly.

It was proved by the testimony of all the said selectmen, and by other evidence, that the parties made the agreement aforesaid, and that it was executed on the part of the plaintiff, by consenting to the taking of his land, without claim of damages. It was also proved that the plaintiff demanded of the intestate a deed, which he neglected to execute.

It was objected, that the plaintiff could not recover on an oral contract for the conveyance of land, such contract being void by the statute of frauds ; and that the evidence above stated was not competent. But the objection was overruled, for the purpose of bringing the question before the whole court, whether a part performance of such oral agreement takes a case out of the operation of said statute.

Other grounds of defence were taken and argued, which became immaterial to the decision of the cause, and are therefore omitted.

*Whiting*, for the defendant, cited *Kidder* v. *Hunt*, 1 Pick. 328. *Thompson* v. *Gould*, 20 Pick. 138. Chit. Con. (Perkins's ed.) 244, & *note*.

*Farley* and *Arad Moore*, for the plaintiff, cited *Goodwin* v. *Gilbert*, 9 Mass. 510. *Davenport* v. *Mason*, 15 Mass. 93. *Noyes* v. *Chapin*, 6 Wend. 461. *George* v. *Bartoner*, 7 Watts, 530. *Little* v. *Martin*, 3 Wend. 219.

DEWEY, J. The contract, upon which the plaintiff seeks to recover in the present action, is a parol promise to convey an interest in land, and is clearly within the provisions of the then existing statute of frauds, *St.* 1783, *c.* 37, § 2, and the Rev

Sts. c. 74, § 1. But it is contended, that although an action could not have been maintained on this agreement, if it had remained merely executory, and in no part performed by either party, yet that under the circumstances which attend this case, it may be now enforced, upon the ground that part performance of such an agreement takes the case out of the operation of the statute. Such a doctrine has, under proper limitations, often been recognized in the courts of equity, where it was required in furtherance of justice and to prevent manifest fraud; but it has obtained no permanent sanction as a principle of jurisprudence in the courts of law. It was repudiated by this court, as early as the case of *Sherburne* v. *Fuller*, 5 Mass. 138, and in the subsequent cases of *Kidder* v. *Hunt*, 1 Pick. 328 ; *Griswold* v. *Messenger*, 6 Pick. 517 ; and *Thompson* v. *Gould*, 20 Pick. 134. A similar rule has prevailed in the courts of New York ; *Jackson* v. *Pierce*, 2 Johns. 223 ; and in the courts of Maine. *Freeport* v. *Bartol*, 3 Greenl. 340. *Norton* v. *Preston*, 3 Shepley, 14. In the English courts, a similar doctrine was held in *Rondeau* v. *Wyatt*, 2 H. B. 63, and *Cooth* v. *Jackson*, 6 Ves. 12 ; Lord *Eldon*, in the case last cited, holding a different view of the law on the subject, from that which had been intimated in the earlier case of *Brodie* v. *St. Paul*, 1 Ves. Jr. 326.

Several of the cases above cited will be found to have presented strong equitable claims for the interposition of the court, and to have been cases where the defendants had received benefit, to a very considerable extent, from the execution of the contract by the plaintiffs ; but the court nevertheless maintained the doctrine, that damages could not be given at law for the nonperformance of a contract to convey lands, which was not in writing ; and that it would not avail, though a part performance was shown, even if it appeared that the party was remediless, if he could not resort to his action. The statute is plain and direct in its terms, and it is the misfortune of the party, for which this court can give no relief, if he has failed to acquire the evidence which the law makes necessary to enforce his contract, or to authorize a recovery in damages for the breach of it.

41 *

The case of *Davenport* v. *Mason*, 15 Mass. 85, has been sometimes supposed to sustain a different doctrine upon this subject.  But it will be found that the remarks of the court, having that bearing, are mere *obiter dicta*.  That case was decided upon other sufficient grounds, and has not been understood by the court as an authority for sustaining the principle contended for by the present plaintiff.   Several more recent decisions by this court, in the cases already cited, are certainly clearly adverse to such a view of the law on this subject.

The contract, relied upon by the plaintiff, being thus within the statute of frauds, he has established no legal right of action, and must therefore become nonsuit.