EDWARD BECKMANN, Appellant, v. EDWARD E.
MEPHAM et al., Respondents.

St. Louis Court of Appeals, December 9, 1902.

1, Contracts: EXCHANGE OF LAND: STATUTE OF FRAUDS. A
contract for the exchange of land for bank stock was alleged by
plaintiff. In support of the allegation he offered certain written
memoranda described in the opinion, and the court held them in-
sufficient under the statute of frauds.

2. ———: ———: ———. A contract required by the statute of
frauds to be in writing can not be enlarged by oral agreement so as
to make the amendment enforcible when the statute is interposed.

3. ———: ———: ———. A contract for the exchange of land for
land or other things than money is within the statute of frauds gov-
erning the sale of lands.

4. Contracts: STATUTE OF FRAUDS. If a part of an entire contract
is within the statute of frauds, the whole is controlled by it.

5. ———: ———: PLEADING AND PRACTICE. The statute of
frauds may be used as a defense under a general denial to a peti-
tion upon a contract, where the petition does not allege the contract
to be oral, and the statute is invoked at the trial in some appro-
priate way.

Appeal from St. Louis City Circuit Court.—*Hon.
Walter B. Douglas,* Judge.

AFFIRMED.

*Alexander Young, Max. F. Ruler* and *Upton M.
Young* for appellant.

*Thos. A. Russell* and *H. Chouteau Dyer* for re-
spondents.

BARCLAY, J.—This is an appeal from a judgment
for defendant in an action to enforce a contract, stated

Vol 97 app—11.

in plaintiff's petition to be one of exchange and purchase, whereby plaintiff was to deliver to defendant ten shares of bank stock of the value of $6,500 for a lot of land in the city of St. Louis (valued at $2,500) and defendant was to pay to plaintiff the difference in value as part of the price of his stock.

The answer of defendants was a general denial. At the trial the defendants raised distinctly the issue that the contract sought to be proved was within the statute of frauds, and was therefore void. On that issue the court found in favor of the defendant who remained in the case after plaintiff had dismissed as to the other defendant during the progress of the trial.

At the close of plaintiff's evidence the court gave a peremptory instruction for the defendant, and thereafter entered judgment accordingly, from which judgment plaintiff appealed in the usual way.

The only point involved in the appeal is the sufficiency of plaintiff's testimony to establish a contract enforcible at law, for the action is one to recover damages as compensation for defendant's refusal to carry out the contract.

Plaintiff's evidence tends to prove that he inserted an advertisement in a daily newspaper in the city of St. Louis, by which he proposed to sell certain shares of bank stock. The advertisement was as follows:

"For sale—Fifteen shares or any part of Lafayette Bank stock. Address E. 30, Globe-Democrat."

The defendant's answer to the advertisement was as follows:

"December 5, 1900.

"Dear Sir: Please call or send price and your address regards Lafayette Bank stock you advertise for sale.

"Respectfully,

"E. E. MEPHAM.

"303 Benoist Building, 9th and Pine streets."

Some oral negotiations ensued, following which the defendant sent plaintiff the following communication:

"Dear Sir:   After considering matters we are not willing to put our lot in at less than $50 per foot, as we feel we will be able to get that much for it next spring. If you feel justified in taking the lot at that figure, we can make a trade on basis of ten shares at $650 per share.

'Yours truly,
"E. E. Mepham,
"303 Benoist Bldg."

The foregoing written and printed memoranda constitute the entire evidence of any written agreement between the parties.

The contract which plaintiff claims defendant made, and which his petition counts upon, is one for the sale of plaintiff's ten shares of bank stock for $6,500 in consideration of the transfer to plaintiff of a lot (described in the petition) and the payment by defendant of the difference between said value of the stock and $2,500 the value of the lot, as proposed by defendant in the last memorandum above quoted.

The learned trial judge decided that the contract was within the statute of frauds and that it was not sufficient in form to support plaintiff's action.

I.   It has been held in a very recent case in the Supreme Court that a contract required by the statute of frauds to be in writing can not be varied by oral agreement so as to make the oral agreement enforcible as part of the original contract.   Warren v. Mfg. Co., 161 Mo. 112.

A contract for the exchange of land for land, or for other things than money, has been held to fall within the statute of frauds (R. S. 1899, sec. 3418), because within the reason and spirit of the language thereof as a sale of land.   Purcell v. Miner, 4 Wall. 517; Browne, St. Frauds, sec. 271.

It is moreover undoubted law that "if part of an entire contract is within the statute [of frauds] the whole is governed by it."   2 Reed, St. Frauds, sec. 735.

In Andrews v. Broughton, 78 Mo. App. (K. C.)

189, the court approves the following quotation from Browne on the Statute of Frauds, section 140: ·

"It is clear that if the several parts or items of an engagement are so interdependent that the parties can not reasonably be considered to have contracted but with a view to the performance of the whole, or that a distinct engagement as to any one part or item can not be fairly and reasonably extracted from the transaction, no recovery can be had upon such part or item, however clear of the statute of frauds it may be, or whatever be the form of action employed. The engagement in such case is said to be entire."

It appears to us that the description of the land in question is wholly insufficient to satisfy the demands of the statute of frauds under the decisions in this State. King v. Wood, 7 Mo. 389; Fox v. Courtney, 111 Mo. 147; Ringer v. Holtzclaw, 112 Mo. 519; Whalen v. Hinchman, 22 Mo. App. (K. C.) 483; Weil v. Willard, 55 Mo. App. (St. L.) 376.

The land was an essential feature of the consideration to be given for the stock, and its identification with reasonable certainty was an inseparable and essential part of the written contract. The agreement is fatally deficient in that particular.

2. The answer was a general denial. The petition did not allege that the contract was oral. It merely alleged that the contract described was made. Thereby it implied that the contract was made in due and proper form. Van Idour v. Nelson, 60 Mo. App. (K. C.) 523. A general denial followed by an objection to the proof of an oral agreement or insufficient written agreement because of the statute of frauds was a proper way to interpose the defense of that statute. Allen v. Richard, 83 Mo. 55; Boyd v. Paul, 125 Mo. 9. The trial court sustained defendant's contention on that ground. We think that ruling was right.

The judgment is affirmed. *Bland P. J.,* and *Goode, J.,* concur.