## JOHN DONOVAN, JR., Respondent, v. P. SCHOEN-HOFEN BREWING COMPANY, Appellant.

### Kansas City Court of Appeals, November 9, 1903.

1. **Landlord and Tenant**: LEASE: MUTUAL CONCURRENT PROMISES: STATUTE OF FRAUDS. Where a landlord and tenant make mutual and concurrent promises and the landlord fulfills his promise by improving the premises, the tenant can not interpose the statute of frauds.

2. ————: TERMS OF LEASE: EVIDENCE: RENEWAL. On a review of the evidence, a lease prepared for the tenant's signature is *held* to embody the contract made between the parties as to the number of renewals intended.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

AFFIRMED.

*Culver & Phillip* for appellant.

(1) The court erred in refusing a demurrer to the evidence. Donovan v. Schoenhofen Brewing Co., 92 Mo. App. 314; Rucker v. Harrington, 52 Mo. App. 481; Smith v. Shell, 82 Mo. 215; Ringer v. Holtzclaw, 112 Mo. 519; Hall v. Soule, 11 Mich. 494; Fowler v. Lewis, 10 Ky. 443; Tuttle v. Swett, 31 Me. 555; Jackson v. Telephone Exchange, 34 S. E. 207; Wright v. Raftree, 54 N. E. 998. (2) In order to satisfy the statute of frauds it was necessary that the memorandum should contain all of the terms of the agreement—not only the the terms and conditions of the lease which the defendant agreed to accept, but also the conditions stipulated

in the agreement to be performed by the plaintiff upon the performance of which defendant became obligated to accept the lease. Authorities, supra.

*Brown & Dolman* for respondent.

(1)  The promise or agreement of plaintiff to make the improvements, including the cementing of the cellar, was not a part of the agreement of defendant to lease, except only so far as it furnished a consideration for defendant's agreement. All the authorities, from our earliest decisions down to the present time, are uniform in holding that the consideration need not be in writing. Bean v. Valle, 2 Mo. 126; Halsa v. Halsa, 8 Mo. 303; Ivory v. Murphy, 36 Mo. 534; Bowles v. Waltham, 54 Mo. 261.  (2)  Mutual and concurrent promises may be a consideration for each other, and the fact that one is executory makes it none the less binding, and when a complete performance of the contract by the promisee is made, the promisor is foreclosed from interposing the statute of frauds.  Chenoweth v. Pacific Express Co., 93 Mo. App. 185; Smith v. Davis, 90 Mo. App. 533; Bless v. Jenkins, 129 Mo. 647; Nelson v. Brown, 140 Mo. 580.  (3)  The agreement of defendant to make the lease in question is not within the statute of frauds. Donovan v. Brewing Co., 92 Mo. App. 341; Hesse Printing Co. v. Traveler's Protective Asso., 81 Mo. App. 467; Carey v. West, 165 Mo. 452; McAnow v. Clark, 167 Mo. 443.

ELLISON, J.—This case was here on a former appeal and will be found reported in 92 Mo. App. 341, where a full statement of the case may be found.

The action is on an agreement for a lease of certain real property in St. Joseph, Missouri. We held on the former appeal that an agreement for a lease for more than one year must be in writing. Defendant now contends that the memoranda must contain all the es-

sential terms of the lease and that it can not be pieced out by parol, citing Ringer v. Holtzclaw, 112 Mo. 519, and Rucker v. Harrington, 52 Mo. App. 481. And that the evidence in the case showed that the plaintiff was to make certain improvements on the premises, including cementing the cellar, and that these provisions of obligation on plaintiff's part did not appear in the writing. In answer to this plaintiff makes two points: first, that such improvements were a part of the consideration clause of the contract and that the consideration, under the American doctrine, need not appear in the writing; and second, that the promise to make the improvements and the promise to thereupon lease the building were "mutual and concurrent promises," and that when plaintiff fully performed its promise by making the improvements, defendant could not interpose the statute of frauds. Passing by plaintiff's first proposition, it is enough to support the judgment that we agree to the second. Such is the ruling of the appellate courts of the State. Bless v. Jenkins, 129 Mo. 647; Nelson v. Brown, 140 Mo. 580; Chenoweth v. Express Co., 93 Mo. App. 185; Smith v. Davis, 90 Mo. App. 533.

The defendant contends at some length that the lease as finally prepared for defendant's acceptance was not the lease agreed upon, and that therefore defendant had the right to refuse it. The difference is said to consist in this, that the agreement was for a lease for one year with privilege of renewal for one, two, three, four or five years more; whereas the lease prepared was with privilege of renewal omitting the five years, and reading, with privilege of renewal for one, two, three or four years. The agreement, as finally settled upon, as shown in the former appeal, was made up from the rejected lease and the defendant's letter stating the objections thereto, and in asking that a new lease be prepared covering the objections. In respect to the point now made, the letter stated that the lease should be made to read that defendant should have the privilege

of renewal up to and including the fourth year, or the fifth year. That is to say, a lease prepared for an option either for as long as four years, or as long as five years would be satisfactory. The lease prepared was for the former and therefore did fall within the terms of the agreement. This interpretation of the terms of the letter is strengthened by the fact that no objection to the matter of length of the lease was made when a refusal to accept it was finally concluded upon.

We think the instructions given for plaintiff, including that as to the measure of damages, embodied the law of the case; and we are of the opinion that those refused for defendant were properly refused. The greater part of all proper matter of contest between the parties was determined on the former appeal.

The judgment will be affirmed. All concur.