## HOME INSURANCE COMPANY OF NEW YORK, Respondent, v. J. L. BLOOMFIELD, Appellant.

### Kansas City Court of Appeals, February 21, 1910.

STATUTE OF FRAUDS: Agreement to Convey Land: Settlement of Proposed Suit. Plaintiff, a judgment creditor, purchased for $80 at sheriff's sale a forty-acre tract of a farm composed of a 160-acre tract and said forty-acre tract, and took a sheriff's deed therefor. Thereafter both of said tracts were sold at trustee's sale, under two prior deeds of trust. Plaintiff demanded that the tracts be sold separately and threatened to attack the sale if its demands were refused. They were refused and defendant purchased both tracts. After the sale plaintiff's agent and defendant, to avoid litigation, made an oral agreement by which plaintiff agreed to make defendant a quitclaim deed to the forty-acre tract and defendant agreed to pay plaintiff $80 contemporaneously with the delivery of such deed. The making of the quitclaim deed was treated by the parties as a material part of the oral agreement; and as a promise to convey land must be in writing, one of the inseverable parts of the contract fell within the Statute of Frauds and rendered the entire contract uninforcible.

141 App.—27

Appeal from Bates Circuit Court.—*Hon. Charles A. Denton,* Judge.

REVERSED.

*Thomas J. Smith* for appellant.

(1) There was neither any showing, nor offer to show, that the land would have sold better in separate lots than it did as a whole. No such claim was made in the petition. The mortgagor, Journey, requested the land to be sold in a body. 28 Am. and Eng. Ency. Law (2 Ed.), p. 806; Kellogg v. Carrico, 47 Mo. 157; Dunn v. McCoy, 150 Mo. 566; Lazarus v. Caesar, 157 Mo. 212. (2) The court should have sustained defendant's demurrer to the evidence. Long v. Towl, 42 Mo. 550; Bishop on Contracts, secs. 63-70; 1 Parsons on Contracts, pp. 430-38; 1 Hill on Contracts, p. 266, sec. 20. It appeared affirmatively, from the petition, that a part of the agreement sued on was within the Statute of Frauds, and that the contract or agreement was oral only. Andrews v. Broughton, 78 Mo. App. 179; Beckmann v. Mephan, 97 Mo. App. 163; Binion v. Browning, 26 Mo. App. 270; Luckett v. Williamson, 37 Mo. 388. (3) The court below erred in giving instruction No. 2, in that a like question of law was submitted to the jury in submitting for their determination whether the making of the quitclaim deed by E. B. Silvers to defendant was "a part of said agreement." Albert v. Besel, 88 Mo. 150; Lumber Co. v. Warner, 93 Mo. 374; Boot & Shoe Co. v. Bain, 46 Mo. App. 590; Armstrong v. Railroad, 62 Mo. App. 646. (4) Even if defendant made promise to pay the plaintiff eighty dollars in compromise, as claimed in the petition, and in connection therewith required or asked for a quitclaim deed from Mr. Silvers, this amounted only to an offer on his part that must have been accepted by the tendering of the deed, which offer appellant had a right to withdraw at any time before

it was accepted, as it could only be accepted by tendering the deed. Addison on Contracts (Abbott's Edition), vol. 1, bottom page 34, side page 14; Stitt v. Huidekoper, 17 Wall. 385; Vincent v. Oil Co., 30 Atl. 991.

*Fyke & Snider* and *Silvers & Silvers* for respondents.

(1) While the construction of the terms of a contract is for the court, the question of what the terms are is for the jury. 9 Cyc., p. 776; Snyder v. Gordon, 86 Mo. App. 317; Dennis v. Crooks, 23 Mo. App. 532; Dry Goods Co. v. Bank, 81 Mo. App. 46; Sawyer v. Walker, 204 Mo. 133, 102 S. W. 552. (2) The settlement of a doubtful claim is sufficient consideration for a contract. Rinehart v. Bills, 82 Mo. 534; 8 Cyc., pp. 505, 506, 509-512; Young v. Schofield, 132 Mo. 677; School District v. Matherly, 90 Mo. App. 407, and cases there cited. (3) It is the duty of a trustee to sell land in parcels. Sumrall, Trustee, v. Shaffin, 48 Mo. 402; Dunn v. McCoy, 150 Mo. 568; Crosby v. Bank, 107 Mo. 444.

JOHNSON, J.—Plaintiff recovered judgment of $80 against the owner of a farm which consisted of a tract of 160 acres and another of forty acres. Execution was issued and levied on the forty-acre tract. Plaintiff became the purchaser at the sale and received a sheriff's deed. Afterward, the trustee in two prior deeds of trust, each of which covered both tracts, advertised the entire farm for sale. Plaintiff, by its attorney, appeared at that sale and informed the trustee and bidders of its interest in the forty acres, demanded that the two tracts be sold separately and threatened to attack the sale by suit if its demands were refused. The demand was refused and the trustee sold the farm *en masse* to defendant, the successful bidder, for a sum insufficient to discharge both

liens in full.   After the sale, plaintiff's agent and defendant had a conversation in which, to avoid the suit plaintiff threatened to bring, defendant agreed to pay plaintiff $80, and plaintiff agreed to execute and deliver to defendant a quitclaim deed to the forty acres. The parties then separated and, later in the day, plaintiff sought defendant and tendered to him a quitclaim deed duly executed, and demanded payment of the $80. Defendant refused the · demand  and  repudiated  the agreement. This suit, founded on that agreement, was then brought by plaintiff and prosecuted to judgment in the circuit court and the cause is here on the appeal of defendant from that judgment, which gave plaintiff the full amount of its demand.   No part of the agreement was reduced to writing.   The attorney who acted as the agent of plaintiff in the transaction and whose name appeared as the grantee in the sheriff's deed, testified that the conversation between him and defendant containing the terms of their agreement was as follows:

"He said 'I haven't got the money with me, but if I can't get the money from Journey I will give you a check if that is acceptable,' and I said, 'All right,' that would suit me all right, and he said he would do that and then got up and started to leave, and the old man turned around and said, 'Now, if we settle this thing, will you give me a quitclaim deed for that forty acres?' and I said, 'There ain't any necessity for it, but if you want it I will give you a quitclaim deed for the whole township.'   He said, 'All right,' and went out.   .   .   ."

The Statute of Frauds was interposed as a defence and we think the learned trial judge erred in not holding it a good defense in law.   One of the important and essential elements of the agreement was the obligation of plaintiff to give defendant a deed conveying his title and interest in land.   Plaintiff attempts to escape the statute by taking the position that the promise of its agent to give the deed was not material,

and was not treated by the parties as a factor in the agreement, the main purpose of which was to compromise the dispute and avoid a lawsuit, but this position clearly is untenable. Almost any prudent person in the position of defendant would have demanded the deed as he did, and it is clear from the agent's testimony that both parties intended that the delivery of the deed and the payment of the money were to be simultaneous and, therefore, were made dependent covenants. That the agent so understood the contract is demonstrated by his subsequent act in tendering the deed when he demanded the money. It is conceded, in effect, and it is perfectly obvious, that no cause of action could be maintained by plaintiff without such tender and this being true, the conclusion is inevitable that the promise to convey the land was an integral and indispensable part of the contract. That contract was indivisible. Its several parts were so interdependent that the parties must be considered to have contracted for the whole. [Andrews v. Broughton, 78 Mo. App. 179.] With one of its inseverable parts falling within the purview of the Statute of Frauds, the whole contract is affected by the defense. It is undoubted law that if part of an entire contract is within the statute (of frauds) the whole is governed by it." [Beckmann v. Mepham, 97 Mo. App. 161; Andrews v. Broughton, supra; Bush v. Haeussler, 26 Mo. App. 271; Luckett v. Williamson, 37 Mo. 388.]

The jury should have been instructed to return a verdict for defendant. The judgment is reversed. All concur.