## WALTER B. VER STEEG, Respondent, v. M. LONGO FRUIT COMPANY, Appellant.

**St. Louis Court of Appeals, June 6, 1911.**

1. **STATUTE OF FRAUDS: Landlord and Tenant: Agreement for Lease: Necessity for Written Contract.** An agreement for a lease for a term of years must be in writing, under the Statute of Frauds. (Section 2783, Revised Statutes 1909).

2. **———: ———: ———: Parol Contract: Full Performance.** To enable a lessor to maintain an action on a parol agreement to take a lease for a term of years, full performance on his part is essential to take the agreement out of the Statute of Frauds.

3. **LANDLORD AND TENANT: Leases: Contracts: Difference Between Lease and Contract for Lease.** In a parol contract to make a lease, the making of the writing is the subject of the agreement, and only that can execute it, while, in a parol lease, the subject is the act or fact of present leasing without any writing being contemplated.

4. **STATUTE OF FRAUDS: Landlord and Tenant: Agreement for Lease: Parol Contract: Full Performance: Facts Stated.** An owner of a building made a parol agreement with a proposed tenant that if he would make certain improvements in the building the latter would enter into a written lease of it for a term of years. The owner made the improvements, placed the tenant in possession, and transmitted to him a form of lease for his execution, promising that upon its return he also would execute it, as well as a duplicate copy for the tenant. The lease was never executed by either party. In an action by the owner for breach of the parol agreement, *held*, that the execution of the lease was necessary to a full performance of the agreement by him, and hence the agreement was not taken out of the Statute of Frauds.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin*, Judge.

REVERSED.

*Frank A. Thompson* for appellant.

(1) This was not a proper case to allow parol testimony to prove a verbal contract which, under the Statute of Frauds, should be in writing. (2) Even if the contract, as alleged in the plaintiff's petition, was made between the plaintiff and the defendant, that contract, under section 7883 of the Revised Statutes of Missouri of 1909, operated to create a tenancy from month to month, which could be terminated by giving a month's notice in writing. Therefore defendant's instructions 3 and 4 ought to have been given. Sec. 7883, R. S. 1909; Combs v. Midland Transfer Co., 58 Mo. App. 112.

*T. Percy Carr* for respondent.

(1) The complete performance of the agreement on the part of the plaintiff precludes the defendant from interposing the Statute of Frauds. Suggett v. Cason, 26 Mo. 221; Hubbard v. Glassworks, 188 Mo. 18; Adams v. Bonnefon, 124 Mo. App. 457; Self v. Cordell, 45 Mo. App. 345; Smock v. Smock, 37 Mo. App. 56; Smith v. Davis, 90 Mo. App. 533; Railroad v. Wingerter, 124 Mo. App. 426; Mitchell v. Branham, 104 Mo. App. 739; Chenoweth v. Express Co., 93 Mo. App. 185; Lumber Co. v. Harris, 102 Mo. App. 103; Maupin v. Ry. Co., 171 Mo. App. 187; Nelson v. Brown, 140 Mo. 588; Hoyle v. Bush, 14 Mo. App. 408. (2) The making of the improvements' agreed upon and delivering possession to the defendant constitutes full performance by plaintiff within the meaning of the above rule. Winter v. Cherry, 78 Mo. 344; Bless v. Jenkins, 129 Mo. 657; Donovan v. Brewing Co., 102 Mo. App. 427.

STATEMENT.—This is an action to recover damages for breach by defendant of its oral contract to take and execute as lessee a written lease of real property for a term of years, the plaintiff alleging

and relying on full performance by him to take the case out of the Statute of Frauds. The defendant, by its answer and by its objection to the establishment of the contract by parol evidence, distinctly raised the issue that the contract was within the Statute of Frauds, and denied that there had been such full performance.

It appears from the plaintiff's evidence, which was parol and was admitted over the objection of defendant, that in the latter part of May, 1906, the plaintiff, being the owner of a business building in the city of St. Louis, made a parol agreement with the defendant that if the plaintiff would install a freight elevator in the building, then the plaintiff, as lessor, and defendant, as lessee, would make and enter into a written lease of part of the second story of the building for a term to begin June 1, 1906, or as soon thereafter as the elevator should be completed, and ending August 1, 1908, at a rental of fifty dollars per month. A few days after said parol agreement was made, the plaintiff commenced work on the elevator, and before it was finished the defendant took possession of the premises. While the work on the elevator was in progress, the plaintiff prepared a form of lease which was in accordance with the parol agreement and which we may say was in the usual form and called for the signature of the lessor as well as for that of the lessee. and transmitted it to the defendant with a request that the defendant execute and return, promising that thereupon he, the plaintiff, would sign a duplicate thereof for the defendant. There is no allegation or evidence that the plaintiff ever signed the lease or a duplicate of it, and as we understand the evidence, the contrary is the fact. The defendant refused to sign the lease on the ground that the plaintiff had promised to put in a staircase as well as to put in the elevator, and its evidence tends to prove that the parol agreement included such stair-

case. After occupying the premises some four months, all the time it seems insisting that it was only a tenant from month to month, and paying the rent of fifty dollars per month as such, the defendant vacated the premises after giving one month's notice of its intention so to do.

At the instance of the plaintiff, the court declared the law to be that "if the court shall find and believe from the evidence that a verbal or parol agreement was entered into between plaintiff and defendant for a lease of the premises mentioned in the evidence, and that said verbal agreement was fully performed on the part of the plaintiff, by completing the improvements agreed upon and delivering possession of said premises to defendant, then such full performance on the part of the plaintiff of said parol agreement constitutes a bar to any defense based upon the Statute of Frauds, and said parol agreement is duly enforcible in this action, notwithstanding that said contract is not in writing or any note or memorandum thereof signed by defendant." The defendant duly excepted to the giving of said declaration of law.

CAULFIELD, J. (after stating the facts).—The defendant assigns as error the action of the trial court in giving the declaration of law set forth in our statement of fact. This assignment we consider well taken.

The contract sued on must be in writing under the Statute of Frauds. [Section 2783, Revised Statutes, 1909; Donovan v. Schoenhofen, 92 Mo. App. 341.] And this being an action at law upon such a contract, nothing short of full performance on the plaintiff's part could take it out of the statute. [Johnson v. Reading, 36 Mo. App. 306; Nally v. Reading, 107 Mo. 350, 17 S. W. 978.] By its declaration of law the trial court assumed that such was the law, but evidently

decided the case on the theory that putting in the elevator and admitting defendant into possession was such full performance. If it had not adopted that theory, its judgment would not have been for the plaintiff, for clearly that is all that plaintiff did. It evidently considered the signing of the lease by the plaintiff, as lessor, to be unnecessary to the full performance of his contract for a written lease, or inadvertently overlooked the lack of that feature in the case. The plaintiff cites Donovan v. Brewing Co., 102 Mo. App. 427, 76 S. W. 715; Winters v. Cherry, 78 Mo. 344, and Bless v. Jenkins, 129 Mo. 647, 657, 31 S. W. 938, in support of his contention that "the making of the improvements agreed upon and delivering possession to the plaintiff constitutes full performance by plaintiff." The first case is not in point because the statement of fact therein does not disclose that the proffered lease had not been signed by the plaintiff as lessor, and the point was not made or noticed that full performance should include such signing. The last two cases deal with a parol *lease* as distinguished from a parol *contract* for a written lease such as we are dealing with.

There is a very obvious difference between a parol agreement to make a written lease and a parol lease. In one case, the making of the writing is the subject of the agreement and only that can execute it; in the other, the subject is the act or fact of present leasing without any writing being contemplated. [Grigsby v. Western Union Tel Co., 5 S. Dak. 561.] A parol leasing might be fully performed by the making of the improvements and delivery of possession because that may be all there is for the lessor to do in order for him to perform the whole contract on his part. [Winters v. Cherry, supra.] But it is too plain to permit of discussion that an owner of land has not done all that he can to the making of a written lease of it, when he has omitted that which

was essential to the making of a written lease by the lessor, viz., the signature of the lessor. [Clemens v. Broomfield, 19 Mo. 118; Welsh v. Ferd Heim Brewing Co., 47 Mo. App. 608.] Without signing the lease as lessor, the plaintiff did not fully perform the contract for a written lease and therefore did not take the contract out of the Statute of Frauds. The declaration of law complained of disclosed a contrary, and therefore an erroneous, theory, and as that theory controlled the decision of the trial court, the error must lead to reversal of the judgment. And as it appears from the evidence as we read it that in fact the plaintiff did not sign the lease it would be useless to remand the cause.

The judgment is reversed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.