## WILLIS SURSA, Respondent, v. C. N. CASH, Appellant.

Springfield Court of Appeals, May 5, 1913.

1. **JUDGMENT: Dismissal Without Prejudice: Not a Bar to Further Action.** A judgment which shows that plaintiff's petition was dismissed "without prejudice" does not bar another suit on the same cause of action.

2. **STATUTE OF FRAUDS: Contracts Within: Exchange of Real and Personal Property.** An oral contract sought to effect an exchange of property, both real and personal. *Held*, to be within the Statute of Frauds.

3. ————: **Remedy at Law, Invoked: Part Performance Not Applicable.** When the remedy sought is at law, the doctrine of part performance of a contract does not place it outside of the operation of the Statute of Frauds.

4. ————: **Exchange of Land: Oral Contract.** In a contract for the exchange of land, where it is necessary that each party to the contract be bound in writing, a part performance of the contract on one side cannot be made the foundation of a suit at law for damages against the other party for a breach of an oral agreement.

5. **SPECIFIC PERFORMANCE: Oral Contract: Theory of Decree.** A court of equity decrees specific performance in cases where an oral contract is partly performed, *not* on the theory of enforcing the oral contract. But the decree requires the defendant to do certain things, because his promises have caused the other party to change his position, and to do otherwise would permit the Statute of Frauds to be used as a cloak for fraud.

6. **STATUTE OF FAUDS: Contract Partly Within: Statute Applicable to Entire Contract.** Where part of a contract, which must be taken as an entirety, is within the Statute of Frauds, the whole contract must be governed by the statute.

7. ———: **Oral Contract: Part Performance: Requisites.** The performance of a contract, which is merely auxiliary to the one sought to be enforced, is not sufficient part performance to take a parol contract out of the Statute of Frauds.

8. ———: **Memorandum of Contract for Sale of Land: Deed in Escrow or Undelivered.** An undelivered deed, or a deed delivered in escrow, is not a sufficient memorandum of a contract of sale of land to take it out of the Statute of Frauds.

9. ———: ———: **Estoppel in Pais: Contract Non-enforceable.** There being no evidence that defendant induced the plaintiff to make the oral contract for the exchange of property with a fraudulent intent not to carry it out, the principal of estoppel *in pais* could not be invoked against the defendant, because the very contract which he is charged with having failed to perform is nonenforceable under the statute.

Appeal from Ripley County Circuit Court.—*Hon. J. C. Sheppard*, Judge.

REVERSED AND REMANDED (*with directions*).

*Thos. F. Lane* and *Chas. B. Butler* for appellant.

(1) Respondent having declared upon an oral contract for the exchange of land for land and merchandise of the value of thirty dollars or more, the contract must be shown to be fully executed or it is within the Statute of Frauds. R. S. 1909, sec. 2783; R. S. 1909, sec. 2784; Beckmann v. Mephan 97 Mo. App. 161; 147 Mo. App. 85; 141 Mo. App. 421; Lydick v. Holland, 83 Mo. 703. (2) Vendor cannot enforce specific performance nor recover damage for the breach of an oral contract for the sale of land although he has delivered possession to vendee and received part of the purchase price. Luckett v. Williams, 37 Mo. 397; Emmel v. Hayes, 102 Mo. 186. (3) Where a court of equity acquires jurisdiction it will proceed

to complete justice between the parties even to the awarding of damages. Plaintiff cannot recover damages in another action after his bill in equity is dismissed. Lydick v. Holland, 83 Mo. 703; Devore v. Devore, 138 Mo. 181. (4) Where specific performance of an oral contract will not be enforced because within the Statute of Frauds damages will not be allowed for its breach. Lydick v. Holland, 83 Mo. 703; Devore v. Devore, 138 Mo. 181; 20 Cyc. 2. (5) The Statute of Frauds is available as a defense without being specially pleaded in any case where the pleading denies the contract set up. The answer in this case does deny the contract set up. Devore v. Devore, 138 Mo. 181; Hackett v. Watts, 138 Mo. 502; Boyd v. Paul, 125 Mo. 9. (6) The Statute of Frauds may be raised as was done in this case by calling the attention of the court directly thereto by objection to the introduction of the evidence. Allen v. Richard, 83 Mo. 55; Hurt v. Ford, 142 Mo. 283.

No brief filed for respondent.

STATEMENT.—The controversy in this appeal grew out of an unsuccessful attempt by plaintiff and defendant to exchange property. The defendant in the circuit court is appellant here.

The amended petition alleged that respondent had entered into an oral contract with appellant to exchange his farm for a house and lot in the town of Naylor together with a stock of goods in said house; that the agreed price of the house and lot was eight hundred dollars; the stock of goods was to be invoiced at the first cost to appellant; that in consideration thereof respondent was to convey to appellant his farm in Ripley county at the price of three thousand dollars less an incumbrance of four hundred dollars, and sell his personal property on the farm and after paying the proceeds of the sale to appellant

either in money or notes payable to appellant to execute a mortgage on the house and lot for the balance, to be due in nine months from the taking of said invoice. That in pursuance thereof respondent and appellant executed deeds to their respective parcels of real estate, and placed them in the Bank of Naylor, together with the abstract of title to respondent's farm, to be delivered when the invoice of appellant's stock of merchandise had been taken. That respondent sold his personal property at auction as agreed upon, tendered appellant the proceeds thereof, delivered the possession of the farm to appellant, and offered to take the invoice of appellant's stock of merchandise and execute the mortgage for the balance, if any, and requested the delivery from defendant of the warranty deed conveying the lot and store building and requested the possession of the stock of goods at the invoice price according to the terms of said agreement; that appellant refused to comply with the terms of the contract; and that he was damaged in the aggregate six hundred dollars, setting forth the several items of damage.

Appellant filed a demurrer to the amended petition setting out that the petition did not state a cause of action and that the contract pleaded was within the Statute of Frauds, which was overruled.

Thereupon the appellant filed an answer containing (1) a general denial, (2) a plea that the contract relied upon by respondent was within the Statute of Frauds, not being in writing, and (3) the defense that respondent was barred from prosecuting his action by reason of a judgment in equity against him whereby he sought to enforce specific performance of the same contract. And before the introduction of any evidence in the cause appellant made formal objection to the taking of any testimony, stating the same grounds as were alleged in the demurrer. The defendant requested and the court refused to give a

peremptory instruction at the close of the plaintiff's evidence and again at the close of all the evidence in the case. The jury returned a verdict for the plaintiff for the sum of two hundred dollars.

There is no dispute between the parties that there was an oral agreement concerning an exchange of the plaintiff's farm for the defendant's store building and lot and a stock of goods which was worth approximately three thousand dollars. There is a direct conflict in the evidence as to whether plaintiff delivered possession of the farm to defendant. Plaintiff's testimony is that they made the trade; that he was to sell his personal property at auction and that he was to deliver the proceeds to defendant in cash, or sale notes made payable to defendant; that they were then to take an invoice of defendant's stock of goods, and if there was a balance due the defendant, plaintiff was to give defendant a note secured by a mortgage on the store building. Plaintiff says he delivered possession of the farm to defendant the day the trade was made, and that defendant thereupon orally rented the farm to one Smith, and Smith testified that defendant told him the trade was made and that he was able to rent him the farm. Plaintiff testified that he surrendered possession to the defedant, and that it was agreed that he was to let Smith have the place immediately after the sale of the personal property at auction. Smith admitted that he never paid any rent to either defendant or plaintiff.

Davis, the bank cashier, testified that defendant made a signed application to him for a loan on the Sursa farm and signed a sworn affidavit that he owned it.

Defendant testified that the trade was not consummated; that he did go and look at plaintiff's farm and agreed to go ahead and make the deeds the next day; that he told plaintiff he would make the trade if everything was all right, and that they did make

the deeds and put them in escrow in the bank to be held until the deal was closed; that subsequently, after the deeds had been made, and, with plaintiff's abstract, deposited in escrow, but before plaintiff had his auction sale and before the day set for beginning the invoice of defendant's stock of goods, he (the defendant) discovered through the bank's attorney (who later became his attorney) that there were some flaws in the title to plaintiff's farm, and that he then went several miles into the country and notified the plaintiff that he would not trade and for plaintiff to call off his sale of the personal property, but that plaintiff said he was going ahead anyhow; that plaintiff never delivered any cash or notes to him, and that he never delivered possession of the lot and store building and stock of goods to plaintiff.

Plaintiff's version is that defendant came to him and said his (defendant's) deed was not good, and that defendant never said anything about the plaintiff's abstract not showing good title, and that defendant did not tell him to call off the auction sale; that he had such sale and deposited the proceeds in the bank—three hundred dollars in cash and about ninety dollars in sale notes made payable to the defendant—and that he then offered to take the invoice of defendant's stock of goods, but that defendant's attorney who was in the store at the time refused to go ahead, saying they were not going to trade—that his (plaintiff's) deed was "no account;" that he replied that if it was not good he would try and make it good, but that the attorney said they were not going to trade anyhow. Plaintiff testified that after his auction sale Smith came on the place. The evidence shows that plaintiff subsequently sold the farm to a man named Roberts.

A notary named Sands prepared the deeds for plaintiff and defendant and took their acknowledg-

ments, and he testified for plaintiff that he heard the parties discussing the contract at the time, and, continuing—''Mr. Cash and Mr. Sursa wanted me to write out a contract between them in regard to the transaction and Mr. Sursa was wanting to get off on the train and I would have to write it in a hurry; and I told him that I would not have time to write up a contract like they wanted by the time the train came. . . . They said they didn't have time.'' Consequently the contract was not reduced to writing. Sands further testified that plaintiff and defendant each took his deed and went down and deposited them with the cashier of the bank ''and told him to hold them until the contract was finished or until the invoice was taken, so they would know what to do with them.'' He also testified that he was present at the time they were deposited and that some conversation was had by plaintiff and defendant concerning plaintiff's title and abstract and that plaintiff left the abstract there at the bank with the understanding that defendant could have an attorney examine it and that if the title was not good he would make it good.

Defendant introduced in evidence a petition and judgment in a cause wherein plaintiff Sursa sought to obtain specific performance of defendant's contract which action had theretofore been pending in the same court.

## OPINION.

FARRINGTON, J. (after stating the facts).— As a preliminary consideration, appellant contends that his peremptory instruction should have been given for the reason that plaintiff had theretofore brought a suit for the specific performance of this contract and that a decree was rendered in favor of the defendant in which the court refused to enforce the performance of the contract and made no allow-

Sursa v. Cash.

ance of damages; and appellant argues that the question of damages was before the court in that case and was adjudicated. The judgment in that case shows on its face that plaintiff's petition was dismissed "without prejudice." Hence there is no merit in appellant's argument. [Long v. Long, 141 Mo. l. c. 370, 371, 44 S. W. 341.]

Appellant's principal contention is as follows: "Respondent, having declared upon an oral contract for the exchange of land for land and merchandise of the value of thirty dollars or more, the contract must be shown to be fully executed or it is within the Statute of Frauds."

It will be observed that this oral contract sought to effect an *exchange* of property, both real and personal. Such contracts are within the Statute of Frauds in this State. [Beckmann v. Mepham, 97 Mo. App. 161, 70 S. W. 1094; 20 Cyc. 239; Hackett v. Watts, 138 Mo. 502, 40 S. W. 113; Chambers v. Lecompte, 9 Mo. 575; Purcell v. Coleman, 18 L. Ed. (U. S.) 435; Rice v. Peet, 15 Johns. 503.]

One of the essential elements which the jury were told in the instructions they must find in order to return a verdict for the plaintiff was that plaintiff had performed all the conditions of the contract on his part to be performed, and their finding was for the plaintiff. Therefore, in deciding whether the contract was within the Statute of Frauds, we must take it as conceded that plaintiff delivered possession of the farm to Smith, the tenant, after the sale and loss on plaintiff's personal property under the oral contract, such concession not being made, however, as to the delivery of the deed. Such part performance did not take the contract out of the Statute of Frauds. [Adams v. Townsend, 42 Mass. 483.] Indeed, the courts of this tSate have held that the doctrine of part performance of a contract does not take it out of the operation of the Statute of Frauds when

the remedy sought is at law. [Johnson v. Reading, 36 Mo. App. 306; Nally v. Reading, 107 Mo. 350, 355, 17 S. W. 978; Marks v. Davis, 72 Mo. App. l. c. 652; Smith v. Davis, 90 Mo. App. l. c. 538; Chenoweth v. Pacific Express Co., 93 Mo. App. l. c. 191; Ver Steeg v. Longo Fruit Co., 158 Mo. App. l. c. 129, 138 S. W. 901.] Besides, the theory on which a court of equity decrees specific performance in cases where the oral contract is. partly performed, is not on the theory of enforcing the oral contract; the decree requires the defendant to do certain things where he has led the other party to change his position and where to do otherwise would permit the Statute of Frauds to be used as a cloak for fraud and be unconscionable. [Bingham on Sale of Real Property, Chap. VI.] We therefore hold that in a contract for the exchange of land, where it is necessary that each party to the contract be bound in writing, a part performance of the contract on one side cannot be made the foundation of a suit at law for damages against the other party for a breach of an oral agreement. To hold otherwise would necessarily require that the defendant be held to pay damages for not doing that thing which the Statute of Frauds says, in effect, he cannot be made to do unless he has bound himself by a writing. [Chambers v. Lecompte and Hackett v. Watts, supra.]

In the cases which we have examined where the courts have decreed specific performance of oral contracts for an exchange on account of part performance (School District v. Holt, 226 Mo. 406, 126 S. W. 462; Brown v. Bailey, 28 Atl. 245; Reynolds v. Hewett, 27 Pa. St. 176; Moss v. Culver, 64 Pa. St. 414) the facts disclosed that the exchange and possession given thereunder was given and accepted by both parties, and these cases can be clearly distinguished from the case before us, *first,* because, of course, that is an action at law and the doctrine of part performance

does not apply; *second,* because the plaintiff in this case had partly performed by giving possession of his farm but the defendant had wholly failed to do anything under the contract as to his property that would in any way change his title or possession; *third,* because the damages claimed are not for property which passed from the plaintiff to the defendant and is now being held by the defendant; and *fourth,* because the damages, such as were shown, were incurred before the part performance on the plaintiff's side is alleged to have taken place.

It is undisputed that defendant never delivered his deed nor possession of his stock of goods and store building, but refused to go ahead with the deal.

The evidence shows that plaintiff had the auction sale of his personal property in accordance with the oral contract and tendered the proceeds to the defendant which was not accepted, and afterward sold the farm to another, and at the time this suit was instituted defendant had nothing in his possession or under his control that passed to him from the plaintiff by virtue of the oral contract. The plaintiff seeks to charge him with the loss on the sale of the personal property on the farm and the expense of moving off when Smith took possession.

It is stated in Lydick v. Holland, 83 Mo. 703, 707; "The law is well settled that the performance of a contract, which is preparatory and ancillary to the one sought to be enforced, is not sufficient part performance to take a parol contract out of the Statute of Frauds. [Williams v. Morris, 95 U. S. 444.]" In that case it is shown that the plaintiff, owning a certain tract of land, would not sell it unless he could buy a tract owned by the defendant; that defendant agreed to sell him his land for a stated price, and that relying on that agreement plaintiff sold his tract of land. After this was done, defendant repudiated the agreement and refused to make a deed to plain-

tiff. The court held that the sale of plaintiff's land to a party other than the defendant was not a sufficient part performance to affect the contract. The plaintiff was seeking both specific performance and damages for breach of the contract, and the last sentence of the opinion reads as follows: "The ground upon which he fails to have a specific performance is equally fatal to his demand for damages." In that case the plaintiff had sold land preparatory to buying defendant's land. In this case the plaintiff sold some horses and other personal property preparatory to buying defendant's land.

The recent case of Boone v. Coe, 154 S. W. 900, decided by the Court of Appeals of Kentucky, lays down the rule, citing numerous authorities in support, that if one party receives services, or benefits, or property, from another who is performing a verbal contract, which is within the Statute of Frauds, the latter may recover at law upon the *quantum meruit* as the law implies a promise to pay; but that where one party is merely put to a loss by virtue of his performance of a verbal agreement within the statute, and the other party has received no benefit thereunder, the party sustaining the loss cannot recover, the reason being that the law implies a promise to pay for something of value received from another, but the Statute of Frauds does not imply that one of the parties to a contract which falls within it shall pay for the loss or damage occasioned by the other's performance where he receives nothing under the contract.

This case does not fall within the rule laid down in Maupin v. Railway Co., 171 Mo. l. c. 196, 71 S. W. 334; Cape Girardeau & C. R. Co. v. Wingerter, 124 Mo. App. 426, 101 S. W. 1113; Mitchell v. Branham, 104 Mo. App. 480, 79 S. W. 739, and numerous other cases in this State, which hold that an oral contract which has been fully performed is taken out of the

statute, as the facts of this case disclose that the defendant has nothing which he acquired by reason of the oral contract that a court would require him to pay for. This cause of action was not brought before the court for the purpose of seeking to require defendant to pay for property which he received from the plaintiff, nor for the value of anything passing from the plaintiff to the defendant, but is based on the failure to carry out the provisions of the oral contract. As the party sought to be charged had signed no writing, and had done no act with reference to his lot and store building and stock of goods that would take the place of a writing, i. e. complete performance, and as his real and personal property was to be exchanged for plaintiff's real estate, it was an entire contract, one in which the items could not be separated, and plaintiff held nothing in the way of a writing that would give him a right to sue for damages in an action at law on a contract which the Statute of Frauds says must be evidenced by a writing signed by the party to be charged. [Chambers v. Lecompte, supra; Andrews v. Broughton, 78 Mo. App. 179; Beckmann v. Mephan, supra; 20 Cyc. 285.] Conceding that delivery of the possession of the farm and offering to deliver a deed therefor would take the transaction out of Statute of Frauds as to that branch of the contract, this certainly would not take the entire contract out of the statute because in order to hold the defendant to perform or answer in damages for breach of the contract there must have been something in writing or a complete performance on the part of the defendant that would take that which he was to do outside the statute. The very nature of this contract required, in order to bind both parties to a performance or to answer in damages, that the properties that the contract sought to effect an exchange of, be in writing, as a part of the consideration on each side was land and goods of the value of more

than thirty dollars, and where a part of an entire contract is within the statute, the whole contract must be governed by the statute. [Home Insurance Co. v. Bloomfield, 141 Mo. App. 417, 125 S. W. 1193.] Both properties contracted for required a writing signed by each party to be charged and the contract is indivisible and therefore unenforceable. [Andrews v. Broughton, supra.] It presents a different case from one where a party agrees to buy a farm for a certain sum of money, because the promise to pay the certain sum of money is not within the Statute of Frauds; but the consideration moving from the defendant to the plaintiff in this case must, in order to be binding on the defendant, be evidenced by a writing signed by the defendant, or a delivery by him of his property, neither of which appears.

The testimony of Sands, the notary, was that the deeds were left at the bank to be kept until the deal was closed. The general rule of law is that an undelivered deed is not a sufficient memorandum of a contract of sale of land to take the same out of the Statute of Frauds, and this doctrine applies to deeds delivered in escrow. [20 Cyc. 257; Townsend v. Hawkins, 45 Mo. 286.]

The oral evidence in this case shows that deeds of some kind were made by the respective parties and placed in the bank in escrow. These deeds were not put in evidence and the contents of the same are not shown. Even though a deed deposited in escrow were a sufficient memorandum of a sale to take it out of the operation of the Statute of Frauds, it is not shown that these deeds, considered as memoranda of the sale, contain a description of the land, the names of the parties, the purchase price, and other elements necessary to constitute a sufficient memorandum. [Moseley v. Insurance Co., 109 Mo. App. 464, 84 S. W. 1000.]

In 20 Cyc. at page 284, it is stated that "the primary effect of the Statute of Frauds is to prohibit

an action for the breach of an oral contract falling within its terms. An action cannot therefore be maintained on an oral contract to sell land against either the vendor or the purchaser."

It will be noted that while plaintiff's petition alleged that defendant took possession of the farm on the day the oral contract was made, and rented it to Smith by parol, there is no evidence that defendant himself ever took actual possession of the farm, nor did Smith, the alleged tenant, move upon the farm until after the alleged sacrifice had been made and the expense incurred on the sale of plaintiff's personal property, which, under the evidence, is the substantial loss shown. There having been no actual possession taken by the defendant, and the deed being undelivered, defendant could not be charged with either actual or constructive possession prior to the time the loss was sustained.

Neither do the facts alleged in the petition nor those shown by the evidence take this case out of the operation of the Statute of Frauds on the theory of equitable estoppel—in that although defendant was not bound by any writing to perform his part of the oral agreement, yet he stood by and saw the plaintiff sell his property at a sacrifice and go to expense in moving off the farm. There is no allegation or proof that defendant in the beginning induced the plaintiff to make the oral agreement with a fraudulent intent of not carrying it out, and in the absence of this element the principle of estoppel *in pais* could not be invoked against the defendant because the very contract which he is charged with having failed to perform is nonenforceable under the statute. [Kirk v. Middlebrook, 201 Mo. l. c. 289, 100 S. W. 450.] It has been held that a promise within the Statute of Frauds cannot be made binding by way of estoppel, though acted upon. [Nichols v. Bank, 55 Mo. App. 81; Smith v. Smith Bros., 62 Mo. App. l. c. 601, 602; Wood v.

Kansas City, 162 Mo. 303, 311, 62 S. W. 433; 2 Herman on Estoppel, 922; 11 Am. and Eng. Ency. Law, 423, 424; Durkee v. People, 46 Am. St. Rep. 340; Brightman v. Hicks, 108 Mass. 246.]

We have with extreme caution examined the voluminous record in this case and have been at a disadvantage in not having been favored with a brief showing respondent's view of the case. Issues should be sharply drawn in appellate practice, and in this day of public criticism of courts for delay, we do not look with favor upon a practice which requires us to brief one side of a case before proceeding to pass upon the errors complained of. Counsel in all cases are urged to pursue the *regular* way of trying their appeals.

For the reasons herein appearing, the judgment is reversed and the cause remanded with directions to the circuit court to set aside its judgment herein and enter a judgment for the defendant. *Sturgis, J.,* concurs. *Robertson, P. J.,* dissents.